JABEZ FARGO *vs.* JEREMIAH REMINGTON et al.

An action on book is commenced before a justice of the peace—the debit side of the plaintiff's account at the time exceeds $100. Before trial the parties adjust the account, and certify to the justice the amount due, which is less than $100, who renders judgment for the same. The judgment is valid.

This was an action of trespass *de bonis asportatis* for taking a cow of the plaintiff. Plea, general issue, with notice of special justification.

On the trial of the issue, the taking having been proved, the defendants gave in evidence the record of a suit in favor of S. Ambler against the plaintiff in this action before said Remington, as a justice of the peace, in which judgment was rendered against the present plaintiff, with the

CHITTENDEN,
January,
1834.

Fargo
vs.
Remington et al

execution issued in said suit, and officer's return thereon. It was admitted that said cow was taken by virtue of said execution.

The plaintiff, in order to show that said judgment and execution were void for want of jurisdiction, offered to prove by said Ambler the following facts, viz : That at the time of suing out the said writ in favor of said Ambler against the present plaintiff, the said Ambler's account against the plaintiff exceeded the sum of one hundred dollars, exclusive of credits; and that on the return day of said writ, the said Ambler and the plaintiff appeared, and proceeded in the presence of the justice, but without any interference or agency on his part, to adjust their account. That upon this adjustment, a balance of $15,46 was found by them to be due to said Ambler, for which said justice Remington was directed by both parties to render a judgment.

It appeared that this adjustment was purely the act of the parties in that suit, and that said Remington had no agency whatever in the adjustment; and it was not contended that he had any agency in taking the cow for which this action is brought, except that he issued the execution on the aforesaid judgment, by virtue of which execution the cow was taken.

The court rejected the evidence thus offered by the plaintiff, and decided that although said Ambler's account against the present plaintiff exceeded the sum of one hundred dollars, without deduction for credits, at the time of bringing the suit, yet as the account was not submitted to said justice for adjudication, but was adjudicated by the parties, and the justice directed to enter judgment for the balance found due by them.—That the judgment was legal and valid, and that no action of trespass could be maintained against said justice for issuing execution thereon. To which decision the plaintiff excepted.

The pleadings in this case are not important, as the points appear sufficiently from the exceptions.

*Briggs & Sawyer for plaintiff.*—1. By the bill of exceptions and defendants' plea (which was agreed to be considered as a notice) it appears that after Ambler's suit against

plaintiff was commenced, the parties had an adjustment of their accounts, and entered it upon Ambler's book, of which the following is a copy :

CHITTENDEN,
*January,*
1834.

Fargo
*vs.*
Remington et al

" Settled November 26th, 1832, all book accounts, and all other matters, errors excepted, and found due to Selah Ambler, $15,46, to balance.      SELAH AMBLER,
JABEZ FARGO."

And the *next day* the plaintiff appeared, and the defendant *not appearing*, the justice, Remington, rendered judgment against Fargo for $15,46, and cost $2,61, in the ordinary way, in which judgments on default are rendered. These facts exhibit a naked case of a judgment rendered on an account beyond the jurisdiction of the magistrate. And the plaintiff contends, that a judgment so rendered, is *coram non judice* and void, and will protect no one who seeks or is instrumental in enforcing it, but all who do so are liable in trespass.—15 John. 157, *Carl* vs. *Cooper.*—14 Mass. Rep. 210.—2 Aik. 28, *Harte Exparte.*—1 D. Chip. Rep. 7, *Paine* vs. *Ely.*—3 Vt. Rep. 114, *Walbridge* vs. *Hall.*—8 Term Rep. 425, *Brown* vs. *Compton.*

*Counsel for defendant.*—The inspection of the process discloses nothing but what was within the jurisdiction of the justice. Of this apparent jurisdiction he would only be ousted by the demand exhibited, and by acting judicially upon it. But the plaintiff adjusted the account, and directed a judgment within his jurisdiction.

Plaintiff having submitted to the jurisdiction, and directed the judgment, must be estopped from calling it in question.

The opinion of the court was pronounced by

PHELPS, J.—The question in this case is simply, whether the defendant, as a justice of the peace, had jurisdiction of the suit Ambler *vs.* Fargo, so as to render his judgment therein valid ; and if not, whether he is liable in trespass for having issued the execution.

The argument is, that the gross amount of the plaintiff's account in that suit, being over the sum of one hundred dollars, the limit of a justice's jurisdiction, the whole proceeding was *coram non judice* and void.

Let us see how this want of jurisdiction was made to ap-

CHITTENDEN,
January,
1834.

Faago
vs.
Remington et al
pear, and what is the effect of it upon this suit.  We take it for granted, in absence of proof to the contrary, that this want of jurisdiction was not apparent on the face of the original writ, but that the amount there declared for, was within the proper jurisdiction of the defendant.  Suppose then the property in question had been taken by way of attachment on the original writ, would the justice have been a trespasser for having signed a writ obviously within his jurisdiction?  Could he be required to anticipate that the amount of the claim would, when presented, exceed his jurisdiction; or can he now be supposed to have been cognizant of the fact?  Suppose upon the return of the writ, and before the plaintiff's claim was exhibited, a motion had been made to dismiss the suit; what would have been the magistrate's duty?  Most clearly to refuse the motion and retain the suit: for thus far he undoubtedly had jurisdiction.  Could he then be made a trespasser, by reason of an attachment on the original writ?  But let us pursue this subject a little farther.  Suppose upon the exhibition of the account he had discovered it to exceed his jurisdiction, and had dismissed the action, as it would have been his duty to do.  Upon what principle could he even then be made a trespasser?  Would the dismissing the action have a retroactive effect to subject him in trespass?

The jurisdiction of a court must appear of record, and the subject matter, as it appears in evidence, must also be within its jurisdiction.  Where, therefore, a writ is presented to a magistrate for signature, which is on the face of it within his jurisdiction, it is his duty to sign it; if not, he does so at his peril.  If it be apparently within his jurisdiction, and upon trial the subject matter should prove not within it, his duty is to dismiss it.  If he does his duty in these particulars, it never was supposed that he could be treated as a trespasser.

This suit was most obviously within the jurisdiction of the present defendant in the outset, and he was justified in sustaining it until the want of jurisdiction should appear.  Otherwise no court would be safe in inquiring into the extent of their jurisdiction, or in entertaining a question of the kind; but a magistrate might be made a tres-

CHITTENDEN,
January,
1834.

Fargo
vs.
Remington et al

passer for entertaining the question, even when he might decline in the end to proceed with the case. If then he was justified in taking cognizance of the case, was there any thing in the course of the proceedings to oust his jurisdiction? It is said that the plaintiff's account exceeded his jurisdiction. Of this, however, he could take no notice, until it was brought judicially before him. When it was so brought before him, what were the facts? To the question of jurisdiction, the plaintiff's claim is the criterion.—That claim, as presented, was within the jurisdiction,—the original account was not presented, nor does it appear that the defendant knew, or had the means of knowing, what its amount was. Nor indeed was it a fit subject for adjudication, it having been closed and settled by the parties.

It was no longer an open account. We are all aware, that, in the action on book, the state of the account at the time of adjudication is to govern. Let us then suppose the books to have been regularly kept, and the balance agreed upon by the parties carried to a new account, as the commencement of a new series. The justice would doubtless consider the former account closed, and the account subsisting between the parties to be only what followed the adjustment. And in this he would be right; for it was never considered, that the jurisdiction of a justice could be ousted, by overleaping the previous adjustment between the parties, and drawing into controversy a previous settled account. There is no propriety in overhauling the anterior settled transactions of the parties, nor can transactions thus settled constitute a subsisting account. We are of opinion, therefore, that the defendant had jurisdiction of the subject matter of the suit thus presented.

If these were doubtful, there is another fatal objection to the plaintiff's recovery. The judgment was entered by the consent of the plaintiff in this suit. How can he recover for an act done with his assent? Whether the defendant had jurisdiction or not, a licence is a sufficient justification in trespass.

It is said that consent will not give jurisdiction. This is true. But it does not follow that the parties may not regulate their transactions, so as to bring them within a

given jurisdiction : and further, whether the consent renders the act valid or not, trespass will not lie.

Judgment affirmed.