## HIRAM STEVENS *v.* NATT S. DAMON.

*Jurisdiction. Justice of the Peace. Book account. Promissory note.*

A justice has jurisdiction in an action on book account where neither the *ad damnum* nor the plaintiff's account, as presented and claimed, exceeds one hundred dollars, though the plaintiff have a further valid account which he might present, and which, with that presented, would exceed one hundred dollars.

If, in such an action, the defendant's account exceed one hundred dollars, and he presents it, and has the justice adjudicate upon it, the judgment of the justice will be a bar to any subsequent adjudication upon, or recovery of any part of it.

The judgment of the justice in such a suit will not be a bar to a subsequent suit for the recovery of the account of the plaintiff which was not presented, if its presentation was omitted by mistake, or for any other sufficient reason.

In this case, in the first suit the plaintiff omitted to present a portion of his account which accrued prior to that presented, claiming and supposing that it had been adjusted by a settlement. The defendant denied the settlement, and presented and claimed the account in his favor which accrued during the same time, and which the plaintiff claimed was included in the supposed settlement. The justice found that there had been no settlement, and allowed the defendant such portion of his account as he thought proved. *Held*, that the reason for the omission of the plaintiff to present the earlier portion of his account was sufficient, and that he might recover it in a subsequent action.

The balance due upon a promissory note which one party holds against the other is not recoverable in an action on book account.

BOOK ACCOUNT. The plaintiff claimed to recover an account which accrued in his favor in the year 1852, and up to the 13th of July, 1853, which the auditor allowed with interest at fifty-four dollars and eleven cents, subject to the opinion of the court upon the following facts :

On the 17th of July, 1854, the plaintiff commenced an action on book account against the defendant, returnable before Merrit Newhall, a justice of the peace, at Kirby, on the 25th of August following, demanding in damages the sum of one hundred dollars. At the return day of the writ the parties appeared and took a trial. The original books of both the plaintiff and defendant were present in court, and were examined by each of the parties, but the court did not read the charges of either party from, or examine any of their books, but called on the parties to furnish him with a transcript of such charges as they claimed to recover, and

thereupon both the plaintiff and the defendant furnished such transcripts. The plaintiff's account which he presented and which was on his transcript was all upon one page of his book, separate from his other accounts; and upon another page in the same book he had another account against the defendant, which accrued prior to the account presented, which prior account the plaintiff claimed on said trial had been adjusted previously between the parties; and he supposed that it had been adjusted, and that was the reason why he did not then present it. Both of the accounts of the plaintiff standing upon his book, if added together, exceeded one hundred dollars. The account presented by the defendant embraced all his charges against the plaintiff as well those the plaintiff claimed had been settled as those which had accrued since the settlement claimed, and exceeded in amount one hundred dollars. Neither party gave any credit on their exhibits or transcripts, but exhibited only their debt side, and no objection was made to the jurisdiction of the justice. After the hearing the justice continued the case to the 16th of September for judgment, at which time, the parties being present, he decided that there had been no settlement or adjustment between the parties of any portion of their accounts as claimed by the plaintiff, and thereupon rendered judgment for the plaintiff for the sum of two dollars and sixty-seven cents damage, passing upon only such of the plaintiff's account as was entered upon his transcript then in the justice's hands, and upon the whole of the defendant's account as exhibited on his transcript. The defendant then said he would pay the judgment, as that would settle all matters between them. The plaintiff told the defendant that as the justice had found that there had been no settlement between them, and had adjusted the whole of the defendant's account, he must pay that part of his account which he had claimed to have been adjusted previously, and which he had not presented to the magistrate, and that he should sue him for it if he did not pay it. The defendant refused to pay it, but immediately paid the amount of the justice's judgment. The plaintiff's account presented to and allowed by the auditor was the same which he failed to present before the justice.

The defendant presented an account before the auditor, all the items of which, except No. 2, the auditor found were presented to

and passed upon by the justice in the abovementioned trial, and he therefore disallowed them, subject to the opinion of the court. Item No. 2 was for "balance due on note, seven dollars and seventy cents," which the auditor disallowed, but in reference to it he reported that the defendant held a note against the plaintiff, payable by installments, upon which there was one installment due, which with interest amounted to said sum of seven dollars and seventy cents as charged.

Upon the report of the auditor the county court, June Term, 1856,— POLAND, J., presiding,— rendered judgment in favor of the plaintiff for the amount reported, to which judgment the defendant excepted.

*G. C. & G. W. Cahoon*, for the defendant.

*O. T. Brown*, for the plaintiff.

The opinion of the court was delivered by

ISHAM, J. The judgment rendered in the suit commenced on the 17th of July, 1854, embraced that portion of the plaintiff's account which accrued between July 13, 1853, and June, 1854. The whole of the defendant's account was pleaded in offset and adjudicated in that action. This suit is now brought to recover a previous account, which accrued in the years 1852 and 1853, but which was not presented or allowed in the former suit between these parties. The auditor has found that this account is reasonable and just, and that it has never been paid. It is insisted, that as both of these accounts existed at the time of the commencement of that suit, and exceed the sum of one hundred dollars, the justice had not jurisdiction of that case, that consequently those proceedings were *coram non judice* and void, and that the whole amount is now open for adjudication in this suit, the same as if that judgment had not been rendered. If the plaintiff's account is to be so regarded, it is obvious that the debit side of the plaintiff's book exceeds the sum of one hundred dollars, and the suit should have been commenced originally before the county court.

We apprehend, however, that no such effect can be given to

those proceedings, and that the judgment rendered in that action must be regarded as a valid and binding judgment between these parties. A justice of the peace has jurisdiction of the action on book; the *ad damnum* in the writ did not exceed one hundred dollars, and the plaintiff's account as presented to the justice was less than that sum. The justice, therefore, had jurisdiction of the parties and of the subject matter of the suit. The process was good on the face of it, and no objections to the jurisdiction of the court was taken on the trial of the case. This very question was determined in the case of *Fargo* v. *Remington*, 6 Vt. 134. It was held in that case upon substantially the same facts, that the judgment of the justice was valid, and that the proceedings were not rendered void by the plaintiff's neglect to produce his entire account, though had it been produced it would have exceeded the sum of one hundred dollars, on which the court could properly have dismissed the suit. Ordinarily such a judgment will bar a subsequent suit on the account so omitted, as the plaintiff cannot divide his account and make it the subject of several actions. It is *prima facie* evidence that all the previous account was adjudicated and settled. But it has been held, that the judgment has no such effect, if the account omitted was not then due or payable, or if its omission was occasioned by mistake, or other sufficient reason; 25 Vt. 250; 6 Vt. 20. Those charges, therefore, which were adjudicated by the justice in that action, whether on the part of the plaintiff or defendant, and which went in to make the balance which was allowed, cannot be regarded as subsisting accounts, or open for adjudication in this action. Neither can we regard that judgment as affecting the plaintiff's right to recover in this action. The present account was kept in the plaintiff's book on another page, and in no way connected with the account adjudicated by the justice. The plaintiff supposed this account had been settled by the application of the defendant's account, but which has since been allowed to him in that action, and which the plaintiff has been compelled to satisfy. There was no fraud or advantage designed or obtained in withholding that account, and as the plaintiff has been deprived of that satisfaction of this account which he supposed existed, it is reasonable that he should recover its amount in this action. The reason is sufficient for not presenting

the account on that trial. The court had jurisdiction of this case, and we think the plaintiff is entitled to his judgment.

The defendant's account was properly disallowed. The auditor has found that the charges were all adjudicated in the former suit, except the second item, which is for the balance due on note. The proper remedy for the party on that matter is on the note itself.

The judgment of the county court is affirmed.