## James Kane vs. Henry L. Morehouse.

The plaintiff and defendant settled accounts, the plaintiff's account being for a job of work, the defendant gave the plaintiff an order on a third person for the balance found due, and the plaintiff gave him a receipt in full. The order was not accepted by the person on whom it was drawn and the plaintiff sued the defendant in general assumpsit for the amount of it, the bill of particulars being "to balance due—$70," and recovered judgment. In the settlement the plaintiff had given the defendant credit for $75, the amount of an order which he had given on a third person, who it was supposed had paid it and charged it to the defendant, but it was discovered after the judgment that the order had never been accepted or paid. Held, in assumpsit brought by the plaintiff to recover the amount thus credited by mistake—

1. That the receipt in full given by the plaintiff was not conclusive upon him, but that the mistake under which it was given might be shown.
2. That the judgment recovered in the former suit was not a bar to the present one—either on the ground that the causes of action were the same or on the ground that the plaintiff might have included his last claim in the one then made.

Assumpsit upon the common counts; brought by appeal from a justice of the peace to the Court of Common Pleas of New Haven County. The defendant pleaded in bar a former judgment in favor of the plaintiff. The case was tried to the court, before *Harrison, J.*, and the following facts found:

The plaintiff was a mason, and in May, 1876, contracted with the defendant, who was a builder, to do all the mason work upon five houses in the city of Meriden. The plaintiff performed the work, receiving part payment from time to time of the defendant, but not having been fully paid, and on the 13th of December, 1876, after the work was completed, the plaintiff and defendant met for the purpose of settling accounts. They agreed that the balance due the plaintiff was $169.69. The defendant paid him $100 in cash, and gave him an order for the balance on one Chapman. The plaintiff then gave the defendant a receipt in full, and both parties agreed that this should be a final settlement of all accounts then existing between them. The order on Chapman however was not accepted or paid, and on the 9th day of February, 1877, the plaintiff brought an action of general assumpsit against the defendant before James P. Platt, a

justice of the peace, to recover the amount of the order, and filed the following bill of particulars in the case:

"MERIDEN, February 17th, 1877.

"HENRY L. MOREHOUSE, to JAMES KANE, *Dr.*

"To balance due . . . $70."

Upon the trial of the case the parties were fully heard, and the plaintiff's claim was confined to the order, which was for $69.69, and the justice rendered judgment for the plaintiff to recover $45 damages, and $12.71 costs, deducting damages for imperfect work done by him.

When the parties settled their accounts on the 13th of December, 1876, they both supposed that a certain order which the plaintiff had previously drawn, upon one Brooks in favor of one Merriman, had been paid by Brooks and charged to the defendant, under an arrangement to that end. The defendant at the time of the settlement said nothing about the matter, and concurred with the plaintiff in finding the amount due to be $169.69. After the trial of the suit before the justice, the plaintiff first discovered that the order on Brooks had never been paid or accepted, and that consequently the defendant should not have been credited with the amount of it in the settlement.

The present action was brought to recover the amount so credited to the defendant in the settlement. The bill of particulars in the case was as follows:

"H. L. MOREHOUSE, to JAMES KANE, *Dr.*

"To money deducted in former settlement between said parties by mistake and not paid by defendant, . . $75.36."

Upon these facts the court rendered judgment for the plaintiff for the amount of the credit with interest.

The defendant brought the record before this court by a motion in error—assigning the following errors:

1. That the prior judgment rendered by the justice was for the same cause for which the plaintiff seeks in this case to recover, and that the court erred in holding that the matter in dispute in this case was not *res judicata*, and that the plaintiff was not estopped after said judgment from further prosecuting his claim against the defendant.

2. That the settlement had by the parties on the 13th of December, 1876, and the plaintiff's receipt in full of that date given to the defendant, were final and conclusive between them, and embraced the cause of action for which the plaintiff seeks to recover in this case; and that the court erred in rendering judgment for the plaintiff after such settlement and after the giving of said receipt in full.

*C. Ives*, for the plaintiff in error.

1. The subject matter in issue in this case is *res judicata*. The record shows this conclusively. The issue in the prior suit between these same parties was the balance then due the plaintiff for certain mason work. The issue in the present suit is a part of that same balance omitted in that prior action by the plaintiff by mistake. That balance, for the purposes of litigation, was incapable of division. "The doctrine of estoppel by a former judgment, between the same parties, is one of the most beneficial principles of our jurisprudence." *Aurora City* v. *West*, 7 Wall., 82. "The maxim that there must be an end to litigation, was dictated by wisdom and is sanctified by age." *Warwick* v. *Underwood*, 3 Head, 238. See also *Hungerford's Appeal from Probate*, 41 Conn., 322.

2. The courts of last resort in nearly all the states have gone even further than this. They hold that prior judgments are final and conclusive, not only as to the matter actually determined, *but also as to every other matter which the parties might have litigated and had decided, as incident to or essentially connected with the subject matter of the litigation, and every matter coming within the legitimate purview of the original action. Bruen* v. *Hone*, 2 Barb., 586; *Hayes* v. *Reese*, 34 id., 156; *Harris* v. *Harris*, 36 id., 88; *Babcock* v. *Camp*, 12 Ohio S. R., 11; *Bates* v. *Spooner*, 45 Ind., 489; *Schmidt* v. *Zahensdorf*, 30 Iowa, 498.

3. The plaintiff performed work for the defendant under a certain contract, and had only one cause of action therefor. He cannot divide up that cause of action and bring one suit for one part of it and another suit for another. The law

is perfectly well settled that where a party brings an action for a part only of an entire and undivided demand and obtains judgment, he cannot maintain another action for another part of the same demand. *Warren* v. *Comings*, 6 Cush., 103; *Smith* v. *Jones*, 15 Johns., 229; *Willard* v. *Sperry*, 16 id., 121; *Phillips* v. *Berick*, 16 id., 136; *Miller* v. *Covert*, 1 Wend., 487; *Guernsey* v. *Carver*, 8 id., 492; *Colvin* v. *Corwin*, 15 id., 557; *Bendernagle* v. *Cocks*, 19 id., 207; *Fish* v. *Folley*, 6 Hill, 54; *Hutchinson* v. *Wetmore*, 2 Cal.; 310; *Crosby* v. *Jeroloman*, 37 Ind., 278; *Stein* v. *Steamboat Prairie Rose*, 17 Ohio S. R., 471; *Secor* v. *Sturgis*, 16 N. York, 554.

4.  The facts in this case show that the plaintiff in his first suit did not present his whole claim solely by reason of his own mistake. There is nothing to show the contrary. The very nature of the case substantiates this theory. It matters not what mistake both plaintiff and defendant may have made two months prior to the bringing of the first suit. It was the plaintiff's business to ascertain the amount of his demand when he brought his first suit. The defendant had nothing to do with that, neither was he guilty of any fraud or fault in this matter. The mistake of the plaintiff there-fore cannot avail him even in a court of equity. Smith's Manual of Equity, 45; 1 Story's Eq. Jur., § 146.

5.  The plaintiff's mistake in bringing his action for too small an amount was a matter of gross negligence. It was not only his business to ascertain for himself the exact amount of his claim when he brought his first suit, but he was bound to use even extraordinary diligence. It does not appear that he made any effort to ascertain the amount of his claim. Had he done so no mistake would have been made. He must take the consequences of his own negligence. 1 Story's Eq. Jur., § 146; *Ewing* v. *McNairy*, 20 Ohio S. R., 315; *Town* v. *Smith*, 14 Mich., 348; *Keokuk County* v. *Alexander*, 21 Iowa, 377; *Binck* v. *Wood*, 43 Barb., 315; *Bobe's Heirs* v. *Stickney*, 36 Ala., 482; *Wickersham* v. *Whedon*, 33 Misso:, 561. The law also seems well settled that " when money is recovered by bonâ fide legal process, although not actually due, it cannot be recovered back, inas-

much as there must be some end to litigation." *Duke de Cadaval* v. *Collins*, 4 Ad. & El., 867; *Marriott* v. *Hampton*, 7 T. R., 269; *Huffer* v. *Allen*, 12 Jur. N. S., 930; *S. C.*, L. Reps., 2 Exch. Cas., 15. To the same effect are the American cases. Freeman on Judgments, § 286; *Kirklan* v. *Brown*, 4 Humph., 174; *Corbet* v. *Evans*, 25 Penn. S. R., 310; *James* v. *Cavit's Admr.*, 2 Brev. (S. C.,) 174; *Doyle* v. *Reilly*, 18 Iowa, 108; *Burford* v. *Kersey*, 48 Miss., 643.

*R. Hicks*, for the defendant in error.

GRANGER, J. The first claim of the defendant under his assignment of errors is, that the prior judgment rendered by justice Platt was for the same cause of action as that of the present suit, and that the court erred in holding that the matter in dispute in this case was not *res adjudicata*.

The facts disclosed by the record are in direct conflict with this claim of the defendant. It appears that the only claim made by the plaintiff before the justice was to recover the amount due upon an order which the defendant had drawn in his favor upon one Chapman, which had neither been accepted nor paid by Chapman, and the amount of which had been credited to the defendant in the settlement of accounts between him and the plaintiff. The plaintiff's claim in that suit was confined to the order; hence it is clear that the justice did not pass and could not have passed upon his present claim.

But the defendant claims further in argument, that although the subject of this suit was not in fact before the justice, yet it was the duty of the plaintiff to have embraced it in his demand in that suit. Here too we think the defendant's claim is equally in conflict with the facts of the record. The plaintiff did not, until after the trial, discover that the order he had drawn on Brooks, which was to have been charged by him to the defendant, and for which the latter had been credited in the settlement, had not been paid. It is difficult to see upon what principle the plaintiff was bound to make any such claim before the justice, when he was ignorant of its existence.

The defendant's second claim is, that the court erred in not holding that the receipt was final and conclusive between the parties and embraced the cause of action in this case. This claim is equally unfounded. It is quite apparent from the facts found that the receipt was no bar to the plaintiff's claim. It was given, as the case finds, because both parties supposed that the order on Brooks had been paid, and the defendant was therefore in the settlement credited by the plaintiff with the amount of the order. This was a mutual mistake. Justice and equity demand that it should be rectified, and the rule of law is in harmony with this demand. The defendant has money in his hands that does not belong to him and which he has no just right to retain. We think the sound and wholesome rule laid down by this court in the case of *Northrop* v. *Graves*, 19 Conn., 548, should be applied. CHURCH, C. J., in giving the opinion in that case, uses the following forcible language:—" We mean distinctly to assert that when money is paid by one under a mistake of his rights and his duty, and which he was under no legal or moral obligation to pay, and which the recipient has no right in good conscience to retain, it may be recovered back in an action of indebitatus assumpsit, whether the mistake be one of fact or of law; and this we insist may be done both upon the principle of Christian morals and of the common law."

That a receipt is not conclusive between the parties is a well established doctrine in this state. This was settled in the case of *Fuller* v. *Crittenden*, 9 Conn., 401, and in the case of *Tucker* v. *Baldwin*, 13 Conn., 143.

There is no error in the judgment complained of.

In this opinion the other judges concurred.