EASTERN TOWNSHIPS BANK *v*. H. S. BEEBE & CO.

*Foreign Judgment no Merger of Cause of Action.*

A company, doing business in Canada, composed of members, some of whom lived in Canada, and some in this State, indorsed a note to a bank. The bank brought suit in Canada, and obtained judgment against the company as indorser. In an action in Vermont based upon the same promise as the Canada suit, *Held*,

1. The foreign judgment does not merge the cause of action; and assumpsit will lie upon the same cause in this State.
2. The foreign judgment is of no higher nature as a cause of action than the notes themselves.
3. The national constitution alone gives to the judgments of the several courts of the States of this Union the conclusive effect of domestic judgments.
4. A domestic judgment constitutes of itself a debt of record; a foreign judgment is only *prima facie* evidence of indebtedness; the one is a contract of record, incontrovertible; the other is examinable before the jury; an action of debt lies upon the former; while only an action of assumpsit, counting upon an implied promise, or debt upon simple contract, (14 Vt. 96) will lie upon the latter.

THIS was an action of assumpsit to recover the amount of two promissory notes. The case was heard on demurrer to defendant's pleas, September Term, 1878, POWERS, J., presiding. The facts were agreed upon as follows: The said Bank, located in the city of Sherbrooke, P. Q., and carrying on the business of banking, declared against the defendants, J. F. Morrill, of Derby, Vt., and H. S. Beebe and Anson Beebe, of Stanstead, P. Q., copartners, doing business in trade, at said Stanstead, under the firm name of H. S. Beebe & Co., as indorsers in their said firm name at said Stanstead, of two promissory notes drawn by Nevin & Co., of Montreal, and payable to the defendants or order, and by them endorsed to the plaintiff. Writ dated April 12, 1876. Before the commencement of this suit, the plaintiff brought a suit in Canada against these defendants, declaring against them upon the same identical promises upon which it declares in this suit. The writ in that case was entered in the Superior Court, holden at Sherbrooke aforesaid, at the term at which it was made returnable. There was an actual appearance for all the defendants in that case, and a trial was had on the merits of said cause, and at a

term of said Superior Court, holden at Sherbrooke, aforesaid, on the 6th day of April, 1876, said court rendered a judgment against the defendant John F. Morrill for the amount of said notes in damages and costs. From which judgment so rendered against him, the said Morrill took an appeal as provided by law, to the Court of Review, holden at the city of Montreal, in said Province, and said cause as to the said John F. Morrill was duly entered in said Court of Review, and on the 10th day of October, 1876, the said judgment of the said Superior Court was by said Court of Review reversed and set aside, and judgment therein rendered in favor of the said Morrill and against the plaintiff as to said Morrill, from which last-named judgment the plaintiff then and there took an appeal to the Court of Queen's Bench, appeal side, holden at Montreal, in said Canada, and said cause was duly entered in said Court of Queen's Bench, appeal side, and at a term of said last named Court of Queen's Bench, holden in Montreal aforesaid, on the 14th day of December, A. D., 1877, the said judgment rendered by the said Court of Review as aforesaid was, by said Court of Queen's Bench, appeal side, reversed and set aside, and said judgment rendered by the said Superior Court at said Sherbrooke, April 6, A. D., 1876, was, by the said Court of Queen's Bench, on said 14th day of December, confirmed, and judgment was rendered by said Court of Queen's Bench accordingly, against the said John F. Morrill, which judgment of said court remains in full force and unreversed and conclusive in Canada, against the said John F. Morrill. And on the 27th day of April, A. D., 1876, the said Superior Court, holden at Sherbrooke, after full hearing rendered a judgment against the said Anson Beebe and Hoel S. Beebe for the full amount of said notes so indorsed as aforesaid, and costs, which judgment against the said Anson Beebe and Hoel S. Beebe was not appealed from, but remains in full force and unreversed and conclusive in Canada against the said Anson Beebe and Hoel S. Beebe. All of the above named courts are courts of record in Canada.

The foregoing facts are properly set out in the defendant's 5th, 6th and 7th pleas, to which pleas the plaintiff demurred.

The pleas relative to the Canadian judgment against Anson and

Hoel S. Beebe were, by leave of court, filed July 13, 1877, and as to the Canadian judgment against Morrill was by leave of Court filed March 28, 1878. The declaration is properly drawn.

The question raised by the said pleas and demurrer is whether said Canadian judgments are a bar to the prosecution of this suit after said judgments were rendered.

*John Young* and *Crane & Alfred*, for the plaintiff.

Debt is the only form of action that will lie upon the judgment of a court of record of a sister state, while assumpsit will lie upon a strictly foreign judgment. *Mills* v. *Duryee*, 7 Cranch. 481; *Boston India R. Factory* v. *Hoit*, 14 Vt. 92; 1 Chit. Pl. 119.

In determining the effect to be given to a foreign judgment, there is a distinction between a suit brought to enforce a foreign judgment and a plea of a foreign judgment in bar of a fresh suit for the same cause.

In the first case the foreign judgment (the jurisdiction being properly established) is held conclusive. But in the latter case, the foreign judgment, if in favor of the defendant, is a bar to a fresh suit brought by the plaintiff on the original cause of action.

But if the foreign judgment is in favor of the plaintiff, such foreign judgment is not a bar to a second judgment in favor of the plaintiff founded upon the original cause of action. 2 Kent, 120 and n. 1, and cases hereafter cited. 2 Chit. Pl. 421, n. (16th Am. Ed.)

The judgment of a foreign court is not a debt of record, and is not a merger of the original cause of action. 2 Chit. Pl. 16 Am. Ed. 421 and n; Freeman Judg. 2 Ed. ss. 220 and 605; Bigelow Estop. 218, 219–220, 222–4; *Hall* v. *Obder*, 11 East. 118, A. D. 1809; *Smith* v. *Nicholls*, 5 Bing. N. C. 208; and 35 E. C. L. 120, A. D. 1839.

The record of a foreign court is not treated as a record purporting in and of itself absolute verity, like a domestic record, or creating a new liability, but is only evidence of a pre-existing liability, though when produced properly verified, and proof being made in connection therewith that the foreign court had jurisdiction of the subject matter and all the parties, and a trial was had

upon the merits then and then only, this evidence becomes con-
clusive as to the original indebtedness.  *Boston Ind. R. Factory*
v. *Hoit*, 14 Vt. 92 ; *Bank of Australasia* v. *Nias*, 16 Q. B. 717,
and 71 E. C. L. 717, A. D. 1851 ; vol. 1, Phillips Ev. 351–2 ;
Freem. Judg. 2 Ed. s. 605.

The judgment rendered in the Court of Queen's Bench, Decem-
ber 14, 1877, being merely an affirmance of the judgment ren-
dered April 6, 1876, and as this indebtedness is the same after
judgment in Canada as before, and the form of action must be the
same whether upon the foreign judgment or upon the promissory
notes which were the basis of that judgment, it is still a suit for
the recovery of the same indebtedness.  *Walker* v. *Witter*, Doug.
Rep. 4.

*Edwards & Dickerman*, for defendant.

The foreign adjudication, under the circumstances of this case,
is conclusive here.

It is the rule, both in England and in this country, that a ques-
tion settled abroad by courts of competent jurisdiction between
actual parties, after trial, will not be opened at home.    2 Parsons
Cont. 118–123 ; *Burrows* v. *Jemino*, Strange, 733.    In this case
the judgment in Leghorn was held to be a bar to a suit on the
original cause of action.    *Goix* v. *Lowe*, 1 Johns. cases, 344 ; 1
Daniel's Chan. 664 ; Story Eq. Pl. s. 783 ; *Bowne & Seymour* v.
*Joy*, 9 Johns. 221 ; 3 Dallas, 372 and 3 ; *Plummer* v. *Woodbourne*,
4 B. and C. 625 ; 10 E. C. L. 731 ; *Bank of Australasia* v. *Nias* ;
71 E. C. L. 717.    We are aware that in the case last cited the
court held that the original cause of action was not merged in the
judgment rendered by the court of New South Wales ; but the
English court in that case did hold that the judgment of the court
of New South Wales was conclusive, and such being the case, we
submit that there was no good reason for holding that the original
cause of action was not merged in the judgment of the colony.

In the case of *Phillips* v. *Hunter*, 2 H. Black. 410, Lord Ch. J.
EYRE says : " It is in one way, only, that the sentence or judg-
ment of the court of a foreign state is examinable in our courts,
and that is when the party who claims the benefit of it, applies to

our courts to enforce it. In all other cases we give entire faith and credit to the sentences of foreign courts, and consider them as conclusive upon us." *Walker* v. *Witter*, Doug. 1; *Galbraith* v. *Neville*, Doug. 6; *Martin* v. *Nicholls*, 3 Simon's Ch. R. 458; 2 Smith's Lead. Cas. 529. If the parties were properly before the foreign court, a question decided there, between the same parties, cannot be inquired into again. Chit. Con. 683, n. 2 (8th Ed.); Phil. Ev. H. and C. n. part 2, 893; 20 E. C. L. 558; 26 N. Y. 146; 8 Johns. 173; 2 Barb. 601; Story Confl. of L. ss. 603, 604, 606, 608, 613, 618; 110 E. C. L. 11; Big. Estop. 175; 13 E. C. L. 686. If the cause is not merged, the plaintiff, instead of *one* cause of action, as originally, has two now. 14 Vt. 96; 2 Parsons Cont. 119; 2 H. Black. 410; Am. L. Reg. (N. S.) 4 vol. 7, 8; 6 N. Y. 44; 12 N. Y. 9. A foreign judgment is entitled to as much respect as an award; or note given on settlement. 4 Vt. 549; 13 Ib. 552; 26 Ib. 299.

The opinion of the court was delivered by

BARRETT, J. It is not claimed that the pendency of said suit in Canada, where this suit was brought, could bar a recovery in this suit. It is claimed that the judgments in said suit in Canada, rendered after the bringing of this suit, bars a recovery in this suit. It is not averred or claimed that said Canadian judgments have been satisfied by payment. So the only question is, whether said Canadian judgments merge the cause of action, in such a sense as to render it incapable of being the subject of a judgment in this suit.

It is not so merged unless it has become a debt of record, so that the record itself has become a cause of action, of its own vigor, to be declared upon as such, and when produced, is conclusive of the right. All the authorities agree that a suit in Vermont, for getting satisfaction of the Canadian judgment, must be an action of assumpsit, counting upon an implied promise, arising from the fact of the existence of such judgment.

It is held in the cases that a foreign judgment when shown in evidence upon a matter within the jurisdiction of the court, and in which the court had jurisdiction of the parties, so that they were

personally bound by the judgment, in the country where rendered, is conclusive upon the matter therein adjudicated. But it at the same time is held that the original cause of action is not so *merged* by that judgment that it is incapable of being the subject of a suit in a country foreign to that in which the judgment was recovered.

The books are uniform in making the distinction between *merger* of the cause of action and conclusiveness of effect, as matter of evidence, when the effect of a foreign judgment is brought in question in a suit upon the same original cause of action.

Whatever may be the reason for such distinction, it exists, and is established as a rule of law ; and we see no occasion for annulling that rule in this State. In the many cases in which the subject of judgments as between the different states of the Union has been discussed and determined, the theory and logic have rested upon the provision of the U. S. Constitution, as to the faith and credit to be given to judgments of one state in the other states ; and in all the cases it is assumed that but for such provision such judgments would not have that faith and credit, and would be foreign judgments. A specimen case of this kind is *McGilvray & Co.* v. *Avery*, 30 Vt. 538, in which the very able opinion drawn up by Judge BENNETT, presents the established doctrine, and marks the true distinctions.

It is fundamental that a foreign judgment does not constitute a record debt, but is only *evidence* of obligation to pay. The indebtedness evidenced by a foreign judgment as a cause of action to be declared on, as the ground of recovery is that of *simple* contract, and the subject for a suit in *assumpsit*. In this case then the judgment in Canada, as a *cause of action*, is of no higher grade than the notes themselves. This legal fact is conclusive against the idea of the notes as a cause of action being merged by that judgment. It leaves that judgment as an instrument or means of evidence, showing conclusively the fact of indebtedness, and operating conclusively to that effect until satisfied. It is not the judgment, but the satisfaction of it, that renders it a bar to a recovery in the domestic government upon the original cause of action. This is in harmony with the conclusive effect given to a foreign judgment in favor of the defendant. The fact of such

judgment is pleaded in bar, and is adduced as evidence to maintain the plea. This is the same, *mutatis mutandis*, as adducing the fact of a foreign judgment for the plaintiff to maintain his right of recovery against the defendants in his action of assumpsit upon that judgment. The confusion on this subject seems to result from not distinguishing between a domestic judgment as constituting of itself a *debt of record*, and a foreign judgment, which is only evidence of an indebtedness as upon a simple contract.

Judgment reversed and cause remanded.