JOHN H. MOORE, APPELLANT, v. CORNELIUS M. HORTON, RESPONDENT.

*Bankruptcy proceedings — a discharge has no extra-territorial effect — conditions of a composition in bankruptcy — waiver thereof, by a creditor.*

In September, 1875, the defendant, then a resident of Buffalo, filed a voluntary petition in bankruptcy and thereafter effected a compromise with his creditors, which was duly confirmed by the court. At this time the defendant was indebted to one Moore, a resident of Canada. Thereafter Moore brought an action against the defendant in the Canadian courts upon the said indebtedness and recovered a judgment therein. The defendant appeared in the action and gave evidence upon the trial, but did not plead his discharge in bankruptcy.

In this action, brought in this State upon the Canadian judgment by an assignee thereof, the defendant pleaded the discharge in bankruptcy as a defense.

*Held*, that the debt upon which the judgment was recovered was discharged by the bankruptcy proceedings, but that this defense would not in this case have been available to the defendant in the Canadian court, even if it had been pleaded, as the discharge had no extra-territorial effect.

That it was a good defense to this action.

The validity of the defendant's discharge was impeached by the plaintiff upon the ground that he had neglected to deliver to him notes of the amount and tenor agreed upon at the meeeting of creditors when the composition was arranged.

*Held*, that the objection could not be raised by the plaintiff as it appeared that he had refused to participate in the bankruptcy proceedings, and had notified the defendant that he would not accept the notes.

APPEAL from a judgment entered upon the report of a referee, dismissing the plaintiff's complaint.

HUN—VOL. XXXII.      50

The action was founded upon a judgment recovered in the courts of the Dominion of Canada, the only defense interposed was a discharge in bankruptcy granted to the defendant prior to the commencement of the action, in which the judgment sued upon was rendered. The facts are stated in the opinion of the court.

*Wadsworth, Hopkins & White,* for the appellant.

*Milo A. Whitney,* for the respondent.

BARKER, J.:

The defendant in September, 1875, then a resident of the city of Buffalo, filed his voluntary petition in bankruptcy and was adjudged a bankrupt, and thereafter such proceedings were duly and regularly taken that a composition, proposed by the said defendant, of twenty-five cents on a dollar of his indebtedness was accepted by the requisite number and amount of his creditors, and the same was confirmed by the court. At the time of filing the petition the defendant was indebted to Hugh Moore, a resident of Canada, in the sum of $472, the balance due on a mercantile transaction between the parties had in the city of Buffalo.

After the defendant received his discharge and in 1877, Moore commenced an action against the defendant in the Courts of Common Pleas for the Province of Ontario, in the Dominion of Canada, based upon the said indebtedness. The defendant appeared in the action and was present on the trial, and gave evidence therein, and judgment was rendered in the plaintiff's favor for the sum of $592. It does not appear from the bill of exceptions that the defendant pleaded his discharge in bankruptcy in bar of a recovery in that action.

The referee held as a matter of law that the debt upon which the judgment in suit was rendered, was discharged by the composition proceedings in bankruptcy before the said judgment was rendered, but that such defense was not available to the defendant in the Canadian court. The judgment has been assigned to the plaintiff in this action.

As Hugh Moore, the original creditor, was not a resident of this State nor of any of the United States at the time the defendant presented his petition in bankruptcy and received his discharge, the same was no bar to a recovery in a suit in the courts of Canada,

founded on the debt existing in Moore's favor against the defendant. Moore did not prove his debt before the register, nor in any manner appear in, or consent to or approve of the proceedings in bankruptcy.

The discharge of a debtor from his just debts, without payment, according to the terms of the contract by which the debt is created, or by a voluntary release therefrom by the creditor, is wholly unknown to the common law. A discharge, under and in pursuance of the statutory laws of the country where the debtor resides, has no extra-territorial effect; therefore when the debtor goes beyond the limits of the State under whose laws he receives his discharge, it affords him no protection from his original liability on a debt owing to a creditor residing in a foreign country. So when the defendant visited Canada and became subject to the jurisdiction of its courts, the relation of debtor and creditor existed between himself and Moore as to the debt in suit, according to the terms of the original obligation. As the laws of that country take no notice of our insolvent or bankrupt laws, the defendant's discharge would have been of no avail as a defense to the suit upon the original indebtedness if the same had been pleaded. These propositions have been so frequently adjudicated that an original discussion of the same is unnecessary. (*Ogden* v. *Saunders*, 12 Wheat., 213; *Hoyt* v. *Thompson*, 5 N. Y., 320; *Johnson* v. *Hunt*, 23 Wend., 87; *Abraham* v. *Plestoro*, 3 id., 538; *Mosselman* v. *Caen*, 4 T. & C., 171 [2 Kent's Com.], 406; *Smith* v. *Buchanan*, 1 East, 6; *Pedder* v. *McMaster*, 8 Term, 609).

The case of *Potter* v. *Brown* (5 East, 124), cited by the plaintiff in support of his contention, that if the defendant had pleaded his discharge in the Canadian suit it would have prevailed, is not in point. In that case the debtor and creditor both resided in the United States, where the debt was created and where the discharge was granted. Afterwards both parties became residents of England, and a suit was there commenced against the debtor on the original indebtedness. The discharge was held good and constituted a bar to a recovery, for the reason that both the creditor and the debtor migrated to England after the discharge, and their existing relations continued as between themselves; and a discharge from the debtor's debts, rendered in pursuance of the statutory laws of another country, where both then resided, did not clash, as the court

remarked, with the rights of any English subject. Neither is *Ohlemacher* v. *Broek* (44 Upper Canada Rep., 366) in point. In that case also the creditor and debtor resided in one of the States when the discharge was obtained and where the debt was created. In a suit on the original debt in the Dominion of Canada the court held the discharge a bar.

If the defendant had pleaded his discharge in the Canadian suit it would have been unavailing to him as a defense. It serves as a complete defense in actions prosecuted in the courts of this State, as to all debts existing at the time he filed his petition, by force and operation of our own laws. In a legal sense the cause of action here is the same as that upon which the action was prosecuted in the Canadian courts. It is a suit upon the original contract, which was not merged in the foreign judgment. (*Wood* v. *Gamble*, 11 Cush., 8; *Eastern Townships Bank* v. *Beebe*, 53 Vt., 177.)

In the latter case it was held that a judgment in Canada, as a cause of action, is of no higher grade than the original debt on which the suit was founded, as the debt was not merged in the judgment, and that a distinction existed in this respect between the judgments of a foreign country and those rendered in the federal courts or the State courts.

The only objection made by the plaintiff to the validity of the defendant's discharge is that he neglected to deliver to the plaintiff notes of the amount and tenor agreed upon at the meeting of creditors when the composition was arranged. The evidence upon this subject is not set forth in the bill of exceptions, but the fact is stated that by the terms of the composition the same was to be evidenced by the defendant's notes at four, eight and twelve months from the confirmation of such composition by the District Court in bankruptcy, and that the notes were not executed by the defendant nor tendered to the said Hugh Moore; that the defendants gave evidence tending to prove that, after such composition in bankruptcy, Moore notified the defendant that he would not receive the said notes nor have anything to do with such bankruptcy proceedings. The bill further states that it was proven on the trial that no such notes were ever executed or tender made to said Hugh Moore, in compliance with the composition proceedings in bankruptcy as required by the bankrupt act, but that on the 2d

of March, 1877, the defendant tendered to John H. Moore, then the assignee of the debt, $100.22 in cash, which he refused to accept.

The referee has found as a fact that Moore refused to take any part in the bankruptcy composition proceedings, and did not prove his claim and refused to take any part therein, and declined to accept said compromise or composition. As a conclusion of law the referee found that the tender of notes, provided for by the composition in bankruptcy, was rendered unnecessary by the refusal of Hugh Moore to accept the same, and his refusal to take any part in the bankruptcy proceedings.

As it does not appear by the bill of exceptions, when Moore gave the defendant notice that he would not accept the compromise or composition notes, it is to be presumed, in support of the referee's legal conclusion, that such notice was given to the defendant before the time any of the notes became due and payable. The refusal of this creditor to participate in the bankruptcy proceedings, and the notice which he gave the bankrupt that he would not accept the composition notes, was a waiver on his part of a delivery of the same, and he is estopped from making the objection to the validity of the discharge. (*Lawrence* v. *Miller*, 86 N. Y., 131 ; *Chemical National Bank* v. *Kohner*, 85 id., 189.)

It is not before us to review the conclusions of the referee, that the debt was not contracted in any fiduciary capacity, as the evidence upon this issue is not set forth in the bill of exceptions. It is, however, therein stated that the defendant gave evidence tending to prove particular facts, which conclusively indicates that it was an ordinary transaction between merchants for the sale and delivery of goods, and at the time the account was closed a balance was found due the plaintiff's assignor

The learned referee prepared a written opinion which accompanies his report, giving his reasons for the conclusions which he reached on the facts and the law of the case, in which we fully concur.

The judgment should be affirmed, with costs

HARDIN, J., concurred ; SMITH, P. J., concurred in result.

Judgment affirmed.