## BACON *v.* REICH.

1. PLEADING—NOTICE OF RECOUPMENT—SUFFICIENCY.

A plea of the general issue, with "notice of set-off and recoupment," is too indefinite to permit of evidence under the notice, if objection is seasonably made; citing *Kerr* v. *Bennett*, 109 Mich. 546.

2. SAME—DELAYED OBJECTION.

An objection to a notice of recoupment on the ground of insufficiency comes too late when made in the form of a request to charge, after plaintiff has gone to trial without raising the question either in justice's or the circuit court.

3. TRIAL—OBJECTIONS TO TESTIMONY—APPEAL—REVIEW.
   An objection to testimony as incompetent and immaterial will not avail a party on appeal, where there was nothing to apprise the trial court as to the ground on which the testimony was claimed to be incompetent.

4. JUDGMENTS—MERGER-RECOUPMENT.
   The merger of a claim against an insolvent corporation for breach of contract in a judgment for damages, recovered after the corporation had, without the knowledge of the claimant, assigned its own claim under the contract, will not prevent the judgment creditor, when sued by the assignee, from having his damages applied against the claim; the circumstances warranting the court in refusing a strict application of the rule of merger. GRANT, C. J., and MONTGOMERY, J., dissenting.

Error to Wayne; Lillibridge, J. Submitted June 9, 1899. Decided October 3, 1899.

*Assumpsit* by Elbridge F. Bacon against William Reich for goods sold and delivered. From a judgment for defendant, plaintiff brings error. Affirmed.

*Bacon & Palmer*, for appellant.

*Louis C. Wurzer*, for appellee.

HOOKER, J. The defendant recovered a judgment against the Architectural Iron & Wire Works for a breach of a contract. He was afterwards sued by the assignee of the iron works for the price of the articles furnished to him under the contract, the assignment being made before his action for damages was instituted. In this action he sought to set off or recoup his damages, which was permitted by the trial court. The plaintiff has appealed the case, contending that the claim for damages is merged in the defendant's judgment, and therefore will not again support an action or defense, and that the judgment cannot be set off against the plaintiff, for the reason that there is a want of privity. It is also claimed that the plea was insufficient to warrant the admission of this proof.

It must be admitted that the plaintiff is not privy to the judgment, because he acquired his rights, whatever they are, before defendant began his action. *Bartero* v. *Bank*, 10 Mo. App. 76; *Powers* v. *Heath's Adm'r*, 20 Mo. 319; *Mathes* v. *Cover*, 43 Iowa, 512; *Todd* v. *Flournoy's Heirs*, 56 Ala. 99 (28 Am. Rep. 758); *Marshall* v. *Croom*, 60 Ala. 121; *Cook* v. *Parham*, 63 Ala. 456; *Coles* v. *Allen*, 64 Ala. 98; *Winslow* v. *Grindal*, 2 Geenl. 64; *Weed Sewing-Machine Co.* v. *Baker*, 1 McCrary, 579; Bigelow, Estop. 135, 136. He is privy, however, to the injury upon which defendant's judgment rests. It is also true that the claim of the defendant was merged in the judgment against the iron works, and the judgment would be a bar to another action, or an attempt to recoup the damages, against the Architectural Iron & Wire Works. But the judgment could be set off in an action brought by the iron works, or an action might be brought upon it. We deem it unnecessary to cite authorities in support of these principles, which are elementary.

It is nevertheless true that the plaintiff took this claim subject to the equitable right of the defendant to have his damages applied upon it, and all that can prevent is the technical rule that they are merged in a judgment against plaintiff's assignor. Theoretically, this may be said to be no hardship, because, if the defendant shall pay the plaintiff's claim, he would yet have the right to collect his judgment for damages, which would work out exact justice to all. Practically, however, this is not so, because he cannot collect his judgment. The iron works is insolvent, and was at the time the plaintiff, who was a stockholder in the concern, took his assignment, and the defendant cannot collect his judgment in any other way than to set it off against his contract obligation. Furthermore, the record contains evidence that he was ignorant of the assignment at the time he took his judgment, and had a right to suppose that, by obtaining the judgment, he had settled the question of his liability on the contract, and was led to do so to avoid liability in a garnishment

suit, which was adjourned for the purpose. But for the previous assignment, this would have been so, because the judgment would have bound all persons afterwards acquiring title to the claim from the iron works.

"According to more recent cases, the doctrine that claims become merged in judgments is supported on the grounds that the allowance of a new suit is a superfluous and vexatious encouragement to litigation, injurious to the defendant *and of no benefit to the plaintiff.*" 15 Am. & Eng. Enc. Law, 339, and cases cited.

The doctrine, if rigorously applied, may work hardship and injustice, and it seems to be lawful to disregard it in some cases. Thus, a foreign judgment does not bar an action upon the original claim. *Vanquelin* v. *Bouard,* 15 C. B. (N. S.) 341; *Wilson* v. *Tunstall,* 6 Tex. 221; *Wood* v. *Gamble,* 11 Cush. 8 (59 Am. Dec. 135); *New York, etc., R. Co.* v. *McHenry,* 17 Fed. 414. See, also, *Olcott* v. *Little,* 9 N. H. 259 (32 Am. Dec. 357). In *Eastern Townships Bank* v. *Beebe,* 53 Vt. 177 (38 Am. Rep. 665), it is said that:

"A foreign judgment, when shown in evidence, upon a matter within the jurisdiction of the court, and in which the court had jurisdiction of the parties, so that they were personally bound by the judgment in the country where rendered, is conclusive upon the matter therein adjudicated. But it at the same time is held that the original cause of action is not so merged by that judgment that it is incapable of being the subject of a suit in a country foreign to that in which the judgment was recovered. The books are uniform in making the distinction between merger of the cause of action and conclusiveness of effect, as matter of evidence, when the effect of a foreign judgment is brought in question in a suit upon the same original cause of action."

In cases where, through mistake or fraud, it would be inequitable to treat such judgments as a bar, the doctrine cannot be invoked. The case of *Ferrall* v. *Bradford,* 2 Fla. 508 (50 Am. Dec. 293), is in point. We quote:

" The plaintiffs in the court below took judgment against

only one of the joint obligors, and, when that fact is pleaded by the defendants in bar, they reply that they did only do so because their attorney was circumvented, and induced to dismiss the proceedings as to the other defendants, in consequence of the fraudulent representations of one of the defendants. It matters little as to the mode or manner in which fraud is effected. A court must look to the effect, and ask if the result is a consequence of the fraud. Here the defendants seek to avail themselves of a legal defense, arising from a state of facts which they themselves, by their fraud, have produced. They admit, virtually, by their demurrer, that the plaintiffs have been deprived of a legal right by their fraud, and they seek now, by their defense, to take advantage of their own wrong,— a defense admitted to arise from their own fraudulent act. The question now is, Will such a defense be available, tolerated, or allowed? Law, reason, justice, and morality unite in a negative response. * * * At the first blush, we thought we discovered some difficulty arising from the fact that only one of the defendants is alleged to have been guilty of the fraud; but it soon disappeared, for we find this principle broadly laid down,—that interests gained by one person by the fraud of another cannot be held by them; otherwise, fraud would always place itself beyond the reach of the court." ·

*Clark* v. *Rowling*, 3 N. Y. 216 (53 Am. Dec. 290), denies the unyielding character ascribed to merger, as shown by the following extract from the opinion of Mr. Justice Hurlbut:

"It is true that the notes, as evidence of an indebtedness, were merged in the judgment, which, being greater security, operated to extinguish the lesser; but does it therefore follow that the judgment to all intents became a new debt, and that the merger or extinguishment of the notes was so complete as that, for the purpose of protecting the defendants in an equity connected with their original indebtedness, we may not look behind the judgment, and see upon what it was founded? A judgment, instead of being regarded strictly as a new debt, is sometimes held to be merely the old debt in a new form, so as to prevent a technical merger from working injustice. And this exception to the doctrine contended for by the plaintiff has obtained, especially in cases of insolvency and bankruptcy, for the protection as well of the creditor

as the debtor, and has been applied impartially for the benefit of both."

In *Stevens* v. *Damon*, 29 Vt. 521, it was hel   that:

"The judgment of the justice in such a suit will not be a bar to a subsequent suit for the recovery of the account of the plaintiff which was not presented, if its presentation was omitted by mistake, or for any other sufficient reason."

See *Cramer* v. *Manufacturing Co.*, 35 C. C. A. 508, 93 Fed. 636; *Fox* v. *Althorp*, 40 Ohio St. 322; *Kane* v. *Morehouse*, 46 Conn. 300 (closely resembles *Stevens* v. *Damon*); *Wyman* v. *Mitchell*, 1 Cow. 316, and other cases cited in the case of *Clark* v. *Rowling, supra;* also, *Johnson* v. *Insurance Co.*, 12 Mich. 216 (86 Am. Dec. 49).

In the case before us, there is evidence from which it might be found that the course taken by the defendant in procuring a judgment for the breach of the contract was due to the concealment on the part of the iron works of the fact of the transfer of the claim, or, at least, of the mistake of the defendant in supposing that it belonged to the iron works at that time.   We think the hardship and injustice of a strict application of the rule of merger is so apparent that we are justified in considering the case within the principle of the cases cited, and holding that, although the plaintiff was not strictly in privity as to the judgment, he was as to the cause of action upon which it was based, and that the defense made was proper.   We think this conclusion renders it unnecessary to discuss the subject of election of remedies raised by the briefs.

The further point is made that the defense was not admissible under the pleadings.   The case began in justice's court.   The plea was presumably oral, and consisted of "the general issue, notice of set-off and recoupment." This was not a sufficiently definite plea, under the case of *Kerr* v. *Bennett*, 109 Mich. 546, but it was amendable, and, had attention been called to it, doubtless would have been amended.

The objections shown in the record do not indicate that the sufficiency of the plea was attacked. They are simply that certain questions and testimony were incompetent and immaterial. That might mean that the plea was insufficient, or that the defense of recoupment could not be proved because of the former judgment, which seems to have been, then, as here, the main contention. Such objections are admirably adapted to the concealment of the real point relied upon, and we have often held that they will not justify a reversal. The authorities are collected in the recent case of *Detzur* v. *Brewing Co.*, 119 Mich. 282.

The judgment should be affirmed.

MOORE and LONG, JJ., concurred with HOOKER, J.

GRANT, C. J. (*dissenting*). This suit originated in justice's court. Defendant entered into a contract with the Architectural Iron & Wire Works, a corporation, by which it agreed to furnish defendant certain iron trusses for the sum of $400. The iron works, being indebted to the plaintiff, assigned the amount due upon the contract to him. The justice returned that "the defendant pleads the general issue, notice of set-off and recoupment." Defendant, claiming a breach of contract, sued the iron works, and recovered a judgment for $358 damages, from which no appeal was taken, and the judgment remained in full force and effect. It was admitted that $100 was due upon the contract. The court permitted the defendant to recoup damages, and verdict and judgment were rendered for him.

1. The notice of recoupment was too indefinite to permit any evidence under it. *Kerr* v. *Bennett*, 109 Mich. 546; *Roethke* v. *Brewing Co.*, 33 Mich. 340; *Delaware, etc., Canal Co.* v. *Roberts*, 72 Mich. 49; *Darrah* v. *Gow*, 77 Mich. 16. Had objection been seasonably made, it should have prevailed, unless defendant had asked leave to amend. But the record discloses that this point was not raised until the testimony was concluded, and then

the plaintiff requested the court to instruct the jury "that, under the plea and notice filed in this case, the defendant cannot be allowed for any of the items of his claim." Under the record as it now appears, plaintiff saw fit to go to trial in both the justice's and circuit courts without any objection to the sufficiency of the plea and notice. We think a plaintiff should not be permitted to raise such an objection at the close of the trial.

2. Defendant, claiming damages for violation of contract on the part of the Architectural Iron & Wire Works, had two courses open to him. He could have waited until the iron works or its assignee sued him, and then have recouped his damages, or he could have brought an independent action for damages. He chose the latter. The tort became merged in the judgment, which became a new debt, unaffected by the claim upon which it was based. Judgments are contracts, and are subject to set-off in actions of *assumpsit.* 1 Freem. Judgm. § 217; 15 Am. & Eng. Enc. Law, 338, 339. The latter authority states the rule as follows:

"And the present rule undoubtedly is that no second suit can be maintained on the same cause of action, irrespective of the question whether the judgment in the first suit was of a higher or lower nature than the cause of action; the reason for the rule being that the judgment is a judicial determination of the rights of the parties, into which the plaintiff has voluntarily elected to transform his claim."

The authorities in support of this are cited in note 7.

The general rule, as above stated, is admitted, but it is urged that there are exceptions to it, and that the present case forms one of the exceptions. In *Eastern Townships Bank* v. *Beebe*, 53 Vt. 177 (38 Am. Rep. 665), the opinion recognizes the rule, but appears to limit it to domestic judgments. The opinion says:

"It [the judgment] is not so merged unless it has become a debt of record, so that the record itself has become a cause of action. * * * The books are uniform in making the distinction between merger of the

cause of action and conclusiveness of effect, as matter of evidence, when the effect of a foreign judgment is brought in question in a suit upon the same original cause of action."

The same rule was announced by this court in *Bonesteel* v. *Todd*, 9 Mich. 371 (80 Am. Dec. 90). We are not dealing with a foreign judgment, and the rule of those cases does not apply.

In *Ferrall* v. *Bradford*, 2 Fla. 508 (50 Am. Dec. 293), suit was brought against three parties upon a joint bond. The Bradfords, by fraud, procured a judgment to be rendered against the other obligor alone. The court would have applied the maxim, "*transit in rem judicatam*," but for the fraud of defendants. In that case there was no judgment against the defendants, but only against their joint obligor. So, it was held in *Bonesteel* v. *Todd*, *supra*, that a judgment rendered against two joint debtors in the State of New York, one of whom was not served with process and did not appear, did not bind the party not appearing, and did not prevent the plaintiff from suing upon the original cause of action in this State. In *Clark* v. *Rowling*, 3 N. Y. 216 (53 Am. Dec. 290), the sole question was the effect of a discharge in bankruptcy upon a judgment rendered after the petition in bankruptcy was filed, the decree in bankruptcy being rendered after judgment was taken. The basis of the decree in *Clark* v. *Rowling* is found in *Wyman* v. *Mitchell*, 1 Cow. 316, where the same question arose. Of that case the court, in *Clark* v. *Rowling*, say:

"And the court held that, although the original undertaking of the defendant was so merged in the judgment that no suit could be maintained upon it, yet that it was proper to inquire into the time and circumstances of the contract upon which the first judgment was founded, for the purpose of taking the case out of the operation of the defendant's discharge."

All the cases there cited involve the effect of a discharge in bankruptcy.

In *Stevens* v. *Damon*, 29 Vt. 521, the sole question litigated was whether items omitted by mistake from an account sued upon in justice's court were merged in the judgment, upon the ground that a party cannot split up his cause of action. It is there said:

"Ordinarily, such a judgment will bar a subsequent suit on the account so omitted, as the plaintiff cannot divide his account and make it the subject of several actions."

A like case is *Kane* v. *Morehouse*, 46 Conn. 300.

In *Fox* v. *Althorp*, 40 Ohio St. 322; the sole question was the right of the plaintiff to maintain four suits for monthly installments of overdue rent. Four suits had been begun before a justice of the peace for the installments due on the 1st days of September, October, November, and December. Judgment was rendered in the suits involving the September and October installments, and the justice then rendered judgment upon the same evidence in each of the other suits. Defendant paid the judgments for the installments due in November and December, and appealed the other judgments to the common pleas, and there pleaded satisfaction of the judgments in bar. The court found that practically the four suits were tried as one, and the court based its judgment upon the ground that the defense was purely technical, and that defendant acquiesced in the severance. In *Cramer* v. *Manufacturing Co.*, 35 C. C. A. 508, 93 Fed. 636, the sole question was whether a party was bound by a judgment rendered in a suit brought by him against another defendant, and whether such judgment was *res judicata* as to the latter suit. The decision was based upon the fact that the real party defending had not done so openly, to the knowledge of the opposite party, and therefore was not bound by the judgment.

In these cases it was not sought to reopen the judgments for the purpose of contesting the original causes of action, where judgments had been rendered against defendants who had been served with process, or who had appeared

and contested the suits. Nor do they involve a case like the present, where the party, having a choice of two remedies, has chosen to bring his suit for damages. Defendant, Reich, had been garnished, and evidently disclosed in the garnishment suit his claim for damages, which was greater than the amount due upon the contract. Evidently, at his request, the garnishment suit was held to permit him to establish in a separate suit his claim for damages. I see no reason why he could not have made that defense in the garnishment suit, which would have wiped out the claim assigned to Bacon. I find no evidence of fraud or deception on the part of Bacon or his assignor in the assignment of this claim, or any evidence that it was assigned for the purpose of defeating Reich. The rule of law involved cannot, in my judgment, be changed by the fact that the iron works has become insolvent. The original cause of action in Reich against the iron works has, in the language of *Eastern Townships Bank* v. *Beebe*, 53 Vt. 177 (38 Am. Rep. 665), become so merged in the judgment " that the record itself has become a cause of action." The only office which that judgment can now serve is as a set-off. *Huntoon* v. *Russell*, 41 Mich. 316.

Judgment should be reversed, and new trial ordered. .

MONTGOMERY, J., concurred with GRANT, C. J.