## POST *v.* SMILIE.

*Book Account.  Former Adjudication.  Costs under s. 23, c. 125, of the Gen. Sts. Evidence.*

Defendant sued plaintiff on book, and recovered final judgment.  On trial before the auditor, plaintiff presented his account against defendant for adjustment.  Plaintiff had among his charges, three of a hundred dollars each, for orders on defendant that plaintiff had delivered up to him, and that defendant had credited plaintiff. Defendant, thinking that he had otherwise accounted to plaintiff for one of the orders, charged it back to him, and as matter of convenience in making his specifications for use before the auditor, omitted the same from both sides of his account.  At the audit, the plaintiff and his attorney compared plaintiff's charges with defendant's credits, and found them to agree, and it was so treated and regarded on trial, and no question was made otherwise.  Neither the plaintiff, nor his attorney, nor the auditor, knew that the defendant's specifications did not correspond with his book, until after judgment on the report ; and in making his report, the auditor, by some mistake, omitted the amount of one of these orders, and the plaintiff lost the benefit thereof in that suit, although the defendant had not, in fact, otherwise accounted for the order, and had erroneously charged it back to plaintiff.  *Held*, that the judgment in that case did not bar plaintiff from recovering the amount of said order.

*Held*, also, that plaintiff *neglected*, within the meaning of s. 23, c. 125, Gen. Sts., to present this item of his account, and could not, therefore, recover costs in this suit, brought for its recovery.

Parol evidence may, and in most cases must, be resorted to, to ascertain whether certain items were included in a judgment in an action of book account.

General Assumpsit.  The case was referred, and the referee reported as follows :

Plaintiff claims to recover the amount of a certain order for $100, drawn by one Bissonette on defendant in favor of plaintiff, February 5. 1872, and on that day delivered up by plaintiff to defendant, and charged to defendant on book, and credited by defendant to plaintiff.  In respect to this claim, the facts are as follows :  Prior to the date of said order, defendant contracted to manufacture and deliver to plaintiff a certain quantity of metallic sap spouts, and the entire book charges and credits of both parties related to this contract, defendant charging plaintiff with the spouts delivered, and crediting him whatever he admitted he had received in payment, and plaintiff charging defendant with all the payments he made him.  Among the payments made by plaintiff to defendant, were three items of $100 each, consisting in the

24

surrender by the former to the latter of three orders of Bissonette on the defendant in favor of the plaintiff, charged February 5, 1872, July 31, 1872, and January 22, 1873, respectively. These were all correctly charged to defendant by plaintiff, and credited plaintiff by defendant, on their respective books. In this state of their accounts, plaintiff, not consenting to pay defendant what he claimed, was sued by the latter in an action of book account, returnable to the March Term, 1873, of Washington County Court. That case was duly entered in court, and judgment to account was rendered, and an auditor appointed, and the cause continued to the September Term, 1873.

Subsequent to the commencement of said suit, but before the audit, Smilie, claiming that there had been some mistake in crediting one of these Bissonette orders, and that it had been accounted for in some other way, charged the plaintiff on his ledger, " To error in Bissonette order, $100." In point of fact there was no mistake in crediting any of these orders, and the defendant never had accounted for them in any other way than by crediting them to plaintiff as above stated, and the charge so made by Smilie was incorrect. The fact that Smilie so claimed, or had made this charge upon his book, was unknown to plaintiff or his attorney or the auditor, until after judgment was rendered in that suit. When the cause came on for hearing before the auditor, Smilie presented his specifications, the debit side of which was the same as the debit side of his book, except that the charge of " error in Bissonette order, $100," was omitted, and the credit side was the same as the credit side of his book, except that the first Bissonette order was omitted, leaving the balance upon his specifications the same as upon his book as it then stood. He did this for the purpose of simplifying his specification, the net result not being altered. At the opening of the hearing before the auditor, and at his suggestion, the parties compared the credits given by Smilie with the charges made by Post, for the purpose of ascertaining what items on that side of the account were in dispute.

The exact method in which this comparison was made, whether by comparing Smilie's credits on his book with Post's charges on his book, or by comparing the credits on Smilie's specifications with the charges on Post's book, the referee is unable to find ; but the result was, that Post, in ignorance of the discrepancy between Smilie's credits on his specifications and those on his book, and supposing that all three Bissonette orders were credited on Smilie's specifications, conceded that there was no dispute as to the amount of credits on Smilie's specifications, and the

auditor thereupon, throughout the hearing, proceeded upon such concession, and treated the credits of payments on Smilie's specifications as a correct statement of all payments made by Post, and Smilie's book was not thereafter under examination during the hearing, but his specifications were treated as his book, by the auditor and the parties.

Post also presented before the auditor a specification of his claim, which was a copy of his book, and contained charges of all three of the Bissonette orders; and he testified generally when he presented it, that his specification was correct.

The hearing thereupon proceeded, both Post, his attorney and the auditor being ignorant that one of the Bissonette orders had been omitted from the credits on Smilie's specification, and all of them supposing that so far as these three orders were concerned, the debit side of Post's specification and the credit side of Smilie's were alike. No discussion arose during the trial in regard to the Bissonette orders, and the auditor did not regard any question concerning any of them as in dispute; but he had before him Post's specification, in which three of them were charged, and Smilie's specifications in which but two were credited. The contest before the auditor was confined to the debit side of Smilie's account, and divers items of Post's account that were connected with the latter's claim that Smilie had not fully performed his contract.

\*　　\*　　\*　　\*　　\*　　\*　　\*

All the parties, as well as the auditor, intended to have all the items between the parties adjudicated and disposed of by the auditor, and the plaintiff and the auditor supposed they were, until after judgment had been rendered upon the report and execution had issued; but, as before remarked, until after execution had issued, neither the plaintiff, his attorney, nor the auditor, were aware of the error that had been made in conceding that the credits of payments on Smilie's specifications were identical with the charges of payments on Post's specification.

\*　　\*　　\*　　\*　　\*　　\*　　\*

The referee finds that in consequence of the foregoing facts, the order of Bissonette for $100 on Smilie in favor of Post which Smilie had the benefit of on the 5th day of February, 1872, as a payment of that sum toward what Post owed him under the contract, and was a proper charge on book against Smilie as such a payment, and was regularly and correctly entered as such by both parties on their respective books, did not enure to Post's benefit in the auditing of accounts in said suit, but was entirely lost to Post so far as that cause was concerned; and the referee, on

the foregoing facts and findings, decides that the plaintiff is entitled to recover of the defendant the amount of that order, being $119.02.

The defendant objected to any parol testimony by the auditor, as to what transpired before him, and as to his course in making up his report, claiming that the report itself was the only proper evidence in that respect; but the referee overruled the objection, and allowed the auditor to testify, and, aided by his testimony, the referee has found the foregoing facts in these respects.

The court, at the September Term, 1875, PIERPOINT, Ch J., presiding, rendered judgment on the report, *pro forma*, for the plaintiff, with costs; to which the defendant excepted.

—— ——— for the defendant.

There is error of law in the decision of the referee that plaintiff is entitled to recover upon the facts stated. The referee finds that the matter in demand in this suit, is an order for $100 by one Bissonette, drawn upon the defendant in favor of the plaintiff, and by him delivered to the defendant, and by defendant received as a payment upon an acknowledged liability, not as a payment upon account, but upon an express contract. No cause of action accrued to the plaintiff upon that payment. No action can be maintained upon such payment, even though in a subsequent suit between the parties the party loses the benefit of the payment. *Peach* v. *Mills*, 14 Vt. 371 ; *Bronson* v. *Rugg*, 39 Vt. 241 ; *Jewett* v. *Winship*, 42 Vt. 204.

The $100 in question in this suit, was adjudicated in the former suit, as matter of law. It was upon the then defendant's now plaintiff's specifications in the former suit, and not withdrawn. *Loomis* v. *Pulver*, 9 Johns. 244 ; *Loring* v. *Mansfield*, 17 Mass. 394; *Bendenagle* v. *Cox*, 19 Wend. 207 ; 4 Conn. 362 ; 2 Conn. 431 ; 3 Day, 255; Freeman on Judgments, ss. 279, 286.

If the court are of opinion that plaintiff is entitled to recover, he should not be allowed his costs. Gen. Sts. c. 125, s. 23.

*Henry Ballard*, for the plaintiff.

The testimony of the auditor as to what took place before him, and as to his course in making up his report, was properly ad-

mitted. This testimony in no sense varied or contradicted anything in his report, but it only " aided" the referee in finding the fac's that appear in his report, and in determining the question whether or not the claim presented in this suit was adjudicated in the former one. It is a well settled rule, that parol evidence may be received for the purpose of showing whether or not a certain question was determined in a former suit. After a record of a former judgment has been put in evidence, it may always be followed by such parol evidence as may be necessary to give it its proper effect, to show the scope and extent of the decision ; either to show that the issues actually determined were in fact broader and more extensive than what appears on the face of the judgment itself, or to show that some fact was not passed upon and determined at all, which apparently on the face of the record was adjudicated in a former suit. Freeman Judg. 297, 298 ; *Spooner* v. *Davis*, 7 Pick. 146 ; *Clemens* v. *Clemens*, 37 N. Y. 59 ; *Gray* v. *Pingry*, 17 Vt. 419.

The conclusion to be drawn from the facts reported is, that in the former trial this order was not presented at all, was not considered by the auditor, was not passed upon by him, was neither allowed nor disallowed, and was not adjudicated. Under such a state of facts, the judgment in the former suit is no bar to a recovery of the plaintiff's claim in this. It being matter in offset, the plaintiff was not obliged to present it at all in that suit. He could omit to present, it of his own motion, and still bring an independent suit on it; and is he in any worse condition in this respect because his omission to present it in that suit was in consequence of the act of the defendant ? That a claim in offset, or cross claim, need not be presented, and if not presented, is not barred, see Freeman Judg. 302. The rule of law as to a former judgment being an estoppel in reference to matters of fact, is, that it is conclusive only as to facts directly and distinctly put in issue, and the finding of which are necessary to uphold the judgment. The doctrine of estoppel in this respect is, that it is restricted to facts directly in issue, and does not extend to all facts which may be in controversy, but which rest in evidence merely. Freeman Judg. 273 ; *Eastman* v. *Cooper*, 15 Pick. 276 ; *Sage* v.

*McAlpin*, 11 Cush. 165; *Gray* v. *Pingry*, *supra*. Thus it has been held that "if a party attempt on the trial of an action to prove a demand against a defendant and fail, he cannot set it up again in a second action; but if he can show that he omitted to give any evidence of this demand, he is not concluded from doing so afterwards." Freeman Judg. 294; *Seddon* v. *Tutop*, 6 T. R. 607.

Again, this order was not so connected with the other matters in offset in the former suit, that it could not be separated from them, and made the subject-matter of an independent action. It was no part of the transaction out of which the subject-matter of that suit arose, nor out of which the defendant's matter in offset arose. The rule is that each separate agreement or transaction between parties, will always give rise to one entire and independent cause of action. Freeman Judg. 245.

The plaintiff should recover full costs in this suit. The statute (Gen. Sts. c. 125, s. 23,) provides that if a party in an action on book " shall neglect to present his account against the plaintiff," &c., he " shall not recover any costs," &c. This case does not come within the provision of that statute.

The opinion of the court was delivered by

REDFIELD, J. This defendant had sued the plaintiff on book, and recovered final judgment. On that trial, this plaintiff presented an account in offset against the defendant, who was plaintiff in that suit, and among such items was a charge against this defendant, " Feb'y 5th, 1872, Bissonette order, $100." There were three of such orders, of different dates, but each of the same amount. They were all charged on the plaintiff's book, and credited on the defendant's book. After the commencement of that suit, and before the audit, this defendant charged on the debit side of his book to the plaintiff, " To error in Bissonette order, Feb'y 5, 1872, $100." On the trial before the auditor in that case, the plaintiff and his counsel compared the defendant's credits with the plaintiff's charges, as to these three orders, and found them to agree. But in this defendant's *specifications*, but two orders were *credited*, and the charge for *error* in this order

was omitted. The auditor, being informed by the parties that the books of the parties agreed as to these orders, computed the balance due this defendant upon his (defendant's) specification, whereby this plaintiff lost all benefit of his order. As the auditor has found there was no fraudulent design on the part of this defendant, we think the case shows that this item of $100 was omitted, and not presented to the auditor for adjudication, by casualty and mistake, and not, therefore, barred by that adjudication.

II. Parol evidence cannot be lawfully admitted to contradict a record. But in a general verdict and judgment, however conclusive is the judgment of all matters adjudicated, it is, in most cases in general assumpsit or book account, absolutely necessary to resort to parol evidence to ascertain whether certain specific items of book account or claims in assumpsit, were submitted and adjudicated in the trial of the case, or not; and when the fact is ascertained that an item or claim was submitted and considered, the claim becomes merged in and concluded by the judgment, and has, thereafter, no existence as a claim for litigation or dispute. *Gray* v. *Pingry*, 17 Vt. 419; *Spooner* v. *Davis*, 7 Pick. 146; Freeman Judg. 297–8.

III. We think the plaintiff not entitled to recover costs. The Gen. Sts. c. 125, s. 23, provides that "if the defendant, in any action on book account, after having personal notice of the suit, shall neglect to present his account against the plaintiff, and have the same examined and adjusted in such action, such defendant shall not recover any cost in any action he shall commence to recover the amount of the account aforesaid against such plaintiff." The auditor finds no sinister motive in the defendant, though it would seem evident that the plaintiff was misled by the fact that defendant's specification did not conform to his book; and as the burden is always on the party making a claim to present it in such manner that the court may understand that it is submitted for its adjudication, it must be held, we think, that the plaintiff neglected to present this account.

The judgment of the County Court is reversed, and judgment that the plaintiff recover the sum reported by the auditor, with interest, and without cost.