CHICAGO, ST. P. & K. C. RY. CO. v. PIERCE.

(Circuit Court of Appeals, Seventh Circuit. November 27, 1894.)

No. 192.

RELEASE AND DISCHARGE—RATIFICATION—INSTRUCTIONS.

Where, in action for personal injuries, it appears that plaintiff had received $1,600 from defendant in settlement of damages, and that she waited two years before offering to return the money, and there is evidence tending to show that plaintiff was perfectly able to understand all about the settlement within ten days after it was made, and that she after that spent the money, it is error to leave to the jury, without definition, the question whether plaintiff disaffirmed the settlement within a reasonable time, and to refuse to instruct them that her expenditure of the money with knowledge of the settlement would ratify the settlement, and that such a ratification, once made, would be final and binding.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Action on the case by Nellie E. Pierce against the Chicago, St. Paul & Kansas City Railway Company. Plaintiff obtained judgment. Defendant brings error.

Henry A. Gardner and William McFadon, for plaintiff in error.
Ernest Dale Owens and Seth F. Crews, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

BUNN, District Judge. This action was brought to recover damages for a personal injury sustained by the defendant in error, plaintiff below, on the 15th day of September, 1887, at Hudson, Iowa, while riding in one of the sleeping cars of the plaintiff in error. The injury was caused by reason of another train of cars running into the rear end of the train in which the plaintiff was riding at the time. Eight days after the accident, on September 23, 1887, at Chicago, the plaintiff settled for the injury with the company for the sum of $1,600 cash paid, and executed in due form, under seal, a release of all damages growing out of the injury. Subsequently, on August 11, 1888, the plaintiff brought suit against the company in the United States circuit court for the Northern district of Illinois to recover for the same injury, but caused the same to be dismissed on September 1st following. One year afterwards, on September 1, 1889, the plaintiff, by her attorney, made a tender to the company of the $1,600 received by her, with 6 per cent. interest, which tender was refused, and on September 3, 1889, the present suit was begun. The plaintiff declared upon the injury named as though no settlement or release had ever been made. The company pleaded in defense the release, and the plaintiff, by way of replication, set up that at the time of the execution of the release she was suffering from great agony of body and mind to such an extent that she was wholly deprived of her reasoning powers and in a condition which rendered her unfit and incapable of contracting; and that while in such condition the defendant, by its agent, took an unfair advantage of and overreached her, and thus obtained the execution of the release by duress and fraud. Issue was joined upon this plea, and a trial had of the issues thus made, and a verdict therein rendered in favor of the plaintiff on the 4th day of May, 1894, for the sum of $15,000. It is not necessary to state the evidence introduced upon the trial. It was somewhat conflicting upon the main issue, the plaintiff's testimony tending to show that at the time she executed the release she was not in a condition to understand what she was doing, while, on the contrary, the defendant's evidence tended to show that she was fully competent to contract, and that after the release was executed, without offering to disaffirm the contract, she continued to spend the money she had received from the company, with full knowledge and understanding of the facts respecting the settlement.

There are 36 assignments of error, but according to the view we have taken of the case it will not be necessary to notice them all. The 19th, 20th, 21st, and 30th assignments refer to the question of the affirmance and disaffirmance of the settlement. The money was

paid and the release executed on the 23d day of September, 1887.    On September 1, 1889,—nearly two years afterwards,—the plaintiff tendered back the money received, with interest, after bringing a suit and then discontinuing the same one year previously.    The evidence showed that the money paid her by the company had all been expended for her benefit by herself and her brothers within seven or eight months after being paid to her.    The evidence of the defendant tended also to show that, whatever her condition may have been at the time of the settlement, she was greatly improved, and her recovery was such as to render her quite competent to understand and appreciate the situation, within 10 days or two weeks afterwards. There was no claim that the plaintiff was insane or non compos.    The disability, if any existed, to make contracts, was temporary; and it is quite evident that when that disability was removed, if it was removed, it would be incumbent upon her at once to disaffirm the contract of settlement, if she wished to elect to do so, and bring suit to recover for the injury.    And if she once affirmed the contract, by knowingly and voluntarily spending the money she had received, she could not afterwards elect to disaffirm it.

On the trial defendant's counsel asked the court to charge the jury as follows:

"The court instructs the jury that even if they believe from the evidence that the release in evidence was not binding on the plaintiff, because procured by fraud, or because executed when the plaintiff did not have mental capacity sufficient to enable her to understand what she was doing, yet if the jury should believe from the evidence that, shortly after the date of its execution, the plaintiff was informed by her brother, or nurse, or other person, that she had executed said release, and received sixteen hundred dollars therefor, and that at the time of so being informed the plaintiff was then in such condition of mind that she was able to understand and appreciate what she had done, then the court instructs you that the expenditure at any time thereafter by the plaintiff, or by any one for her, with her knowledge, of any part of the said sixteen hundred dollars, would be a ratification of said release, and said release would be thereby made binding on the plaintiff."

This instruction the court refused to give, to which ruling exception was taken, and there is nothing in the general charge of the court covering the same ground.

Then defendant's counsel also asked the court to have the following instruction given, which was also refused:

"The court instructs the jury that one put to an election to ratify or disaffirm an instrument executed by him or her, after having elected to ratify the same, cannot reconsider such action, but the election thus made is final and binding on such party."

There was nothing in the general charge covering the same subject. But in the general charge to the jury the following instruction was given, to wit:

"If you find that within a reasonable time she disaffirmed this settlement, rejected it as a settlement, and brought the suit for the purpose of recovery for her injuries, and you find the release invalid under the circumstances that I have given you, then your further duties will be to inquire what are her damages."

This was objected to by the defendant on the ground that it is not a correct statement of the law on that subject, and that it overlooked the fact that there was evidence tending to show that plaintiff, after being told that she had settled with the defendant, continued expending, knowingly, the money received in settlement.

We think, in view of what the general charge contains, and does not contain, on the subject of the affirmance or disaffirmance of the contract of settlement, that these special requests should have been given. Clearly, the general charge does not fairly or substantially cover the whole ground. From all that was given to the jury on this subject, although they might believe from the testimony that the plaintiff, by waiting nearly two years after her recovery of mental capacity without offering to return the money or showing any sign of dissatisfaction, spending the money in the meantime, had fully ratified and affirmed the contract, still, if they found that within a reasonable time, without defining what a reasonable time was, she disaffirmed the settlement, and brought suit for the injury, she might recover. The jury were nowhere told that the plaintiff could not play fast and loose with the contract of settlement, affirming it to-day and disaffirming it to-morrow. This was the vital point in the case, and the defendant was entitled to have the law on the question fairly given to the jury. The plaintiff was a person in the prime of life. The contract was a valid and binding contract, if there was no fraud and she had the mental capacity at the time to make it. But allowing that she had not such capacity, as the jury must have found, still, after she had recovered her health and usual mental condition so as to render her capable of comprehending the settlement made, she was bound either to affirm or disaffirm, and if she did not elect to disaffirm at once, that is, within a reasonable time, she must be considered as having elected to abide by the settlement. And having once, by her conduct, affirmed it, she could not afterwards disaffirm it. She would be in no better condition, and much the same, as an infant, after arriving at majority, in reference to a contract entered into by him before arriving at the age of 21 years. And it has always been held that an infant in such a case must elect at once. He cannot wait an unreasonable time before disaffirming, and, after having ratified and affirmed the contract after coming to his majority, he cannot afterwards disaffirm it. 1 Whart. Cont. §§ 117, 120, 290; Burton v. Stewart, 3 Wend. 239; Masson v. Bovet, 1 Denio, 73; Robinson v. Hoskins, 14 Bush, 393.

In the case of Grymes v. Sanders, 93 U. S. 55–63, the court say:

"When a party desires to rescind upon the ground of mistake or fraud, he must, upon the discovery of the facts, announce his purpose, and adhere to it. If he be silent, and continue to treat the property as his own, he will be held to have waived the objection, and will be as conclusively bound by the contract as if the mistake or fraud had not occurred."

And the same doctrine is affirmed in McLean v. Clapp, 141 U. S. 429, 12 Sup. Ct. 29.

We cannot but think, also, that the instruction upon this question is faulty in not defining with more precision the reasonable time within which the election must be made. If the jury could find two

years a reasonable time, it is difficult to see why she could not make the election at any time prior to the running of the statute of limitations against the claim, except under supposable extraordinary circumstances not here disclosed. The judgment is reversed, and the case remanded to the circuit court for a new trial.