MORGAN, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 4, 1905.

1. PRACTICE: Splitting Cause of Action. Where different kinds of damages are caused by a single act of negligence, there is only one cause of action in favor of the party injured; he can not split his cause of action and bring separate suits for different items of damage.

2. ————: ————: Exception to Rule. But where plaintiff sued for one item of damage caused by the negligent act of the defendant and was then wholly ignorant of another element of damage which subsequently developed and for which he subsequently sued, the judgment in the first suit did not bar a recovery in the second. Where plaintiff sued a railroad company for negligently setting fire to a fence and recovered judgment which was settled by the defendant, this did not prevent a recovery for damage caused to young trees by the same fire, if plaintiff was wholly ignorant of the damage to the trees when he brought the first suit.

3. ————: ————: Exclusion of Element of Damage by Agreement. Where the plaintiff sued for damage caused to his fence by a fire negligently set by the defendant railroad company, and pending the suit the claim was settled by an agreement which expressly excluded compensation for damage to his trees caused by the same fire, he could maintain a subsequent suit for damage to the trees.

Appeal from Howell Circuit Court.—*Hon. Wm. N. Evans,* Judge.

AFFIRMED.

*L. F. Parker, Orr & Luster* for appellant.

That one substantive and complete cause of action, arising out of the same tort, cannot be divided into several suits, is too well settled to require citation of authorities, but see: Savings Bank v. Tracey, 141 Mo. 252, 42 S. W. 946; Trask v. Railroad, 2 Allen 331; Brannenburg v. Rld., 13 Ind. 103, 74 Am. Dec. 250; Steiglider v. Red., 38 Mo. App. 511; Trans. Co. v. Traube, 59 Mo. 355; Laine v. Francis, 15 Mo. App. 107; Funk v. Funk, 35 Mo. App. 251; Bendernagle v. Cocks, 19 Wend. (N. Y.) 207; Hite v. Long, 6 Rand, 457; 18 Am. Dec. 719; Oliver v. Holt, 11 Ala. 574, 46 Am. Dec. 228; Pettit v. Ins. Co., 69 Mo. App. 817; Darby v. Railroad, 156 Mo. 391, 57 S. W. 550; Powers v. Railroad, 158 Mo. 87, 57 S. W. 1090; Freeman on Judgments, sec. 241.

*Livingston & Burroughs, O. L. Haydon* and *J. L. Bess* for respondent.

(1)    That a demand cannot be split and separate action maintained thereon is readily conceded. But this general rule like most others has well-defined exceptions. 1st—When the party is not aware of his means of redress or cause of action when he brings his suit. Second. When the debtor consents to a division of the cause of action. In either of these cases the general rule does not apply. This case comes clearly within both of these exceptions. It is clear that respondent was unavoidably ignorant of the full extent of the injuries done to his growing timber at the time he sued for the rails. Cunningham v. Casualty Co., 82 Mo. App. 607; Bank v. Tracy, 141 Mo. 252, 42 S. W. 946; Moran v. Plankington, 64 Mo. 337. (2)    One substantive and complete cause of action arising out of the same tort can be divided into several suits by consent of the debtor. Edmonston v. Jones, 96 Mo. App. 91, 69 S. W. 741; The Fourth National Bank v. Noonan, 88 Mo. 372; Kavanaugh v. Shaughnessy, 41 Mo. App. 657; Gerhart v. Fout, 67 Mo. App. 423.

## STATEMENT.

About May 2, 1903, a fire, set by one of defendant's locomotive engines, spread and burned over two hundred acres of plaintiff's timber land, killing and injuring a lot of young growing trees, destroying the mulch on the land and consuming a part of plaintiff's rail fence. On the fourth day of the following June, plaintiff commenced suit before a justice of the peace and recovered judgment by default for twenty-five dollars, the value of the rails destroyed. The damage to his growing trees and the destruction of the mulch was not included in the complaint or judgment. The defendant company appealed from the judgment of the justice to the circuit court, but pending the appeal paid the judgment and at the same time settled with plaintiff for damages caused to his orchard by a subsequent fire set by one of defendant's locomotive engines. In February, 1904, plaintiff commenced a second suit before a justice of the peace to recover the damages to his forest trees and mulch, caused by the fire of may, 1903. This cause was taken to the circuit court by appeal from the judgment of the justice. The defendant filed the following answer (omitting caption) in the circuit court:

"Defendant, answering plaintiff's statement of his cause of action, denies each and every allegation therein contained.

"Defendant further answering the said statement alleges that on the fourth day of June, 1903, plaintiff instituted a suit before J. N. Meredith, a justice of the peace of Goldsberry township, Howell county, Missouri, a court of competent jurisdiction in that behalf, a suit to recover damages on account of the fire of which plaintiff now complains and prosecuted said suit to final judgment before said justice, said court then and there having jurisdiction in that behalf.

"That afterwards the defendant paid off and discharged said judgment and the same is fully paid and satisfied.

"That the present suit is to recover damages alleged to have been caused by the same fire and none other.

"Therefore defendant says that the plaintiff ought not to maintain or prosecute this suit and defendant pleads said prior suit and judgment in bar to this action."

Pluaintiff offered evidence tending to prove the allegation of his complaint. The defendant showed the rendition of the judgment of June  fourth and its payment, and at the close of the evidence moved for a compulsory nonsuit, which was refused. The court withdrew from the consideration of the jury the item of damages caused by the destruction of the mulch on plaintiff's land and submitted the other issues to the jury, who returned a verdict for the plaintiff for seventy-five dollars. After taking the usual steps to preserve its exceptions, defendant appealed.

BLAND, P. J. (after stating the facts).—The sole question presented by the record and argued  by counsel in their briefs is, whether or not the plaintiff could split his demand and successfully prosecute two suits for damages caused by one and the same wrong.  The rule against splitting a cause of action is aptly expressed by the Supreme Court in Savings Bank v. Tracey, 141 Mo. l. c. 258, 42 S. W. 946; as follows:  "No rule of law is better settled than that a single cause of action can not be split in order that separate suits may be brought for the various parts of what constitute but one demand and the rule is founded upon the plainest and most substantrial justice.  It is an old maxim of the common law that 'No one ought to be twice vexed for one and the same cause.'  It has always been regarded as a matter of concern to the State that litigation should have an end and that no citizen  should be unnecessarily  harassed with a multiplicity of suits. That such has been the law

of this State for many years, the decisions of this court all attest." Respondent concedes the rule but to avoid its application to the facts in the case invokes two exceptions. First, that the plaintiff was not aware that his timber was damaged by the fire at the time he brought the first suit. Second, that the defendant consented to a division of the damages or action. The evidence shows that at the time the justice's judgment was paid off, a settlement was made and reduced to writing and signed by the defendant. It reads as follows:

"Trask, the twenty-seventh day of November, 1903. "This certifies that upon the St. Louis and San Francisco Railroad Co., paying to me through their agent at Mt. View, Mo., station on or before the twenty-seventh day of December, 1903, the sum of Ninety-five dollars ($95) I hereby agree to accept said sum of Ninety-five dollars ($95) in full settlement and satisfaction of all claims of whatever kind and description arising from or growing out of damage to any and all kinds of property up to and including the twenty-seventh day of November, 1903, except forest timber that may have been damaged May 2, 1903.

"In the presence of W. A. Mundell.

"G. W. MORGAN."

Defendant testified that the ninety-five dollars mentioned in the written instrument was made up of the judgment for twenty-five dollars and damages to his orchard caused by a fire subsequent to the one of May, 1903. The only evidence in respect to his knowledge of the damage to his young timber at the time he brought his first suit it found in the following questions and answers:

"Q. (By plaintiff's counsel). At the time you brought that suit (the first one) did you know of the damage done to your timber? A. No, sir, I did not.

"Q. (By defendant's counsel). And you say at the time (when the first suit was brought) you did not know the full damage that had been done to the timber?

A. No, sir, from the fact that they are dying all the time."

The settlement paper and plaintiff's evidence in connection therewith, show three facts: First, that defendant paid the judgment of the justice which it might have done without plaintiff's consent. Second, that plaintiff and defendant came to terms as to the amount plaintiff's orchard had been damaged by a subsequent fire, and paid the damages agreed on (thus far the parties agreed to what is in the written instrument). Third, that the damage to the young timber was not embraced in the settlement and no agreement whatever was arrived at in regard to these damages, and that plaintiff reserved whatever right he had to assert his claim for these damages in the future. But there is nothing in the writing to indicate that defendant admitted that plaintiff had a right to sue for these damages or that it waived or agreed not to set up any defense it might have to a suit for said damages if one should be brought in the future. We see nothing in the instrument to indicate, much less to show, that it was agreed by and between plaintiff and defendant that plaintiff might split his demand and bring a second suit to recover the damages not included in the first one. Is the evidence sufficient to show that plaintiff was ignorant of the damages to his timber at the time he brought his first suit, and if so, does such ignorance create an exception to the rule that one may not split an entire cause of action? The fire was on May second. The first suit was brought on the fourth of the following June. The fire and the suit were in the season of the year when forest trees in Howell county are in full leaf and the sap at its maximum flow, in which stage trees tenaciously hold on to life and persist in developing, notwithstanding they have been fatally wounded, and it may be that plaintiff's trees showed but very little, if any, sign of injury at the time the first suit was brought. Plaintiff's evidence, however, does not make this clear. He stated that he did not know of the dam-

age to his trees for the reason they were dying all the time. There is no evidence when they first began to show signs of death, whether it was immediately after the fire or later.

In volume 1, Ency. of Plead. &. Prac., p. 159, it is said: "A single wrong gives only one cause of action, no matter how numerous the items of damage may be." The same ruling is announced in Steiglider v. Railway, 38 Mo. App. 511.

In Knowlton v. Railroad, 147 Mass. 606, it is held:

"A judgment against a railroad company for damages, sought to be recovered in one count, to two detached lots of woodland by a fire, set by a lomocotive engine on one lot and thence spreading across an intervening lot to the other, is a bar to a subsequent action for damages to the latter lot by the same fire, on the ground that arbitrators, upon whose award the former judgment was entered, did not include therein the damage to such lot."

In Cunningham v. Union Casualty & Surety Co., 82 Mo. App. 607, it is held that the rule presupposes knowledge of the constituent elements of the cause of action and does not apply where the plaintiff is in unavoidable ignorance of the full extent of the injuries done.

In Moran v. Plankinton, 64 Mo. 337, it is said: "The rule prohibiting multiplicity of suits has no application where the party had no knowledge of his means of redress."

In Bank v. Tracey, supra, the unavoidable ignorance of the full extent of the wrongs reveived or injuries done is recognized as an exception to the rule.

Herman on the Law of Estoppel, sec. 251, states the rule thus: "If a party can, or is entitled to recover damages for all injuries which had occurred previous to the commencment of the action, but also for injuries which may thereafter accrue, the first recovery will be a bar to any future action from the same cause."

In Kerr v. Simmons, 9 Mo. App. l. c. 377, in speak-

·ing of the rule, this court said: "In cases of tort the rule is very simple. Where there has been a recovery of damages on account of a trespass, no new action can be founded on the same wrongful act, even though additional damages may have arisen which did not exist at the institution of the first suit."

In Howell v. Goodrich, 69 Ill. 556, it is held: "For malpractice by a physician in setting a broken arm, successive suits cannot be brought from time to time, as damages in the future may be suffered, but the recovery is once for all, and may embrace prospective as well as accrued damages."

In Curtiss v. Railroad, 20 Barb. (N. Y.) 282, it is held that only one action can be maintained to recover damages for one injury to a person and a party is not obliged to wait until all the consequences of the injury are fully developed. He may sue whenever he thinks proper and recover for both past and future pain of body and mind.

In Admr. of Whitney v. Clarendon, 18 Vt. 253, it was held that a recovery in an action by the father to recover damages sustained in consequence of personal injuries to his son is a bar to a second action to recover loss of services and other damages sustained subsequent to the first suit.

In Brunsden v. Humphrey, 14 Q. B. Div. l. c. 145, in discussing the rule, the court said: "When that rule is applied to damages which are patent, it is a good rule; but where damages are afterwards developed, it is not a rule to be commended."

All the damages caused by the fire accrued before the first suit was brought, and plaintiff knew that the fire had burned over his two hundred acres of woodland and that the mulch thereon (an item of damages included in the second suit) had been consumed by the fire. But plaintiff's evidence tends to show that the damage to his trees had not developed or but partially developed. Now, if the damages had not developed at all and there

Morgan v. Railroad.

was no indication at the time the suit was brought that the trees would die, then I think it may be well said that plaintiff was unavoidably ignorant of such damage, and the case comes within the exception to the rule as stated in Bank v. Tracey, supra, and is within the reasoning of the case of Brunsden v. Humphrey, supra. The rule is stated too broadly in Kerr v. Simmons, supra, and that case must be considered *cum grano salis*. Neither Herman nor the cases cited from other jurisdictions discuss the question of exceptions to the rule. It is commendable to make an exception to the rule in cases where the plaintiff was unavoidably ignorant of the damages alleged in his second suit when he brought the first one. The exception is founded on justice and supported by sound reasoning and has been established in this jurisdiction. We conclude, therefore, that if at the time plaintiff brought his first suit, no damage had developed to his trees and there was no evidence present that any would develop in the future, he was unavoidably ignorant of such damage and the first suit is not a bar to the present one. On the other hand, if any damage to the trees had developed, however slight, or if evidence was present that any would likely develop in the future, he was not ignorant of such damage, within the meaning of the exception to the rule, and the suit is barred by the first one. Whether or not this case comes within the exception is a question of fact for the triers of the facts under appropriate instructions. It was not submitted to the jury on the trial; that it may be, I think the judgment should be reversed and the cause remanded. But the majority of the court are of the opinion, as the first suit was settled while pending, and matters not embraced in it paid for, and the damage to forest trees reserved by express agreement, that defendant consented to a splitting of the damages or demand and cannot set up the first suit as a bar to the present one. It follows that the judgment must be affirmed. It is so ordered.