## ST. PAUL MOTOR VEHICLE COMPANY v. A. D. S. JOHNSTON.[1]

December 4, 1914.

Nos. 18,889—(121).

**Facts conceded by attorney — dismissal of action.**
    When counsel in his opening statement to the jury makes a deliberate concession as to the facts, and chooses to abide by it after his attention

[1] Reported in 149 N. W. 667.

is called to its effect, the court may act upon the facts conceded and grant defendant's motion for dismissal if, with such facts conceded, there can be no recovery under the complaint.

Action in the district court for Ramsey county to recover $750 balance alleged to be due for services and supplies. The case came on for trial before Dickson, J., who granted defendant's motion to dismiss the action. From an order denying plaintiff's motion for an order vacating the dismissal of the action and for a new trial, plaintiff appealed. Affirmed.

*Duxbury, Conzett & Pettijohn,* for appellant.
*Barrows, Stewart & Ordway,* for respondent.

DIBELL, C.

The complaint is in the common law form of *indebitatus assumpsit* for goods sold and delivered and services rendered for which a balance of $750 is claimed. In his opening statement counsel for the plaintiff stated the nature of the claim for $750, and from his statement it must be conceded that he could not recover under the allegations of the complaint, the claim for the $750 being substantially a claim for damages for the breach of an executory contract of sale. Counsel for the defendant then, before the introduction of any testimony, moved for a dismissal of the action upon the ground that, taking the facts conceded by counsel to be true, no recovery could be had under the complaint. A colloquy was then had between counsel and the court, the narration of which requires several pages of the paper book, counsel for the plaintiff insisting that he had a right of recovery upon the complaint as it was and the facts as he conceded them to be.

In Barrett v. Minneapolis, St. Paul & S. S. M. Ry. Co. 106 Minn. 51, 117 N. W. 1047, 18 L.R.A.(N.S.) 416, 130 Am. St. 585, Start, C. J., stated the rule relative to the effect of an opening statement of counsel as follows:

"A trial court has the right to act upon facts deliberately conceded by counsel in his opening statement and to direct a verdict against the plaintiff upon such concession, if such facts, if proven,

would not entitle the plaintiff to a verdict. Such power, however, must be exercised sparingly, and never without full consideration and opportunity for counsel to explain and qualify his statement so far as the truth will permit."

An examination of the record shows that the facts were deliberately conceded by counsel and that he chose to abide by them. Under these circumstances the trial court expeditiously and with propriety disposed of the case by granting defendant's motion.

Order affirmed.