# ARCHIE VALLEY v. CROOKSTON LUMBER COMPANY and Another.[1]

February 11, 1915.

Nos. 18,994—(221).

**Compromise and settlement — cause of action.**

1. Opinions expressed by one contracting party to another upon doubtful questions of law, arising in the course of compromise of a disputed claim, are not actionable representations even though the person giving the opinion be an attorney at law.

**Same — rescission for fraud.**

2. A party to a compromise cannot rescind it for fraud where he knowingly and voluntarily uses and enjoys the fruits of the compromise after being fully advised of the facts. This the plaintiff in this case did, and judgment should be given for defendant.

Action in the district court for Polk county against Crookston Lumber Co. and Robert Mitchell to recover $15,000 for personal injuries. The case was tried before Watts, J., who at the close of the testimony denied separate motions of defendants to dismiss the action as to each, and separate motions to direct verdicts in favor of each, and a jury which returned a verdict for $1,150 in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendants appealed. Reversed and judgment ordered for defendant.

*Powell & Simpson, E. E. McDonald, E. O. Hagen,* and *Ernest C. Carman,* for appellants.

*W. E. Rowe,* for respondent.

HALLAM, J.

Plaintiff was injured by being thrown from a portable water tank while in the employ of the defendant lumber company. The injury was a fracture of the left thigh. The broken bone did not

[1] Reported in 151 N. W. 137.

properly heal or unite, and the result was a shortening of the leg about four inches and for a long time an open wound upon the leg. Plaintiff was in a hospital at Bemidji under the care of his physician, Dr. Marcum, from the time of his injury, December 3, 1911, until August 26, 1912. After he left the hospital on this day he was asked to meet the attorney for defendants. He did so and made a settlement of his claim for $1,350, received the amount, and in writing released defendants from all liability. He had previously, on the same day, been given $50 by defendant company to go to St. Paul to buy an extension foot. Notwithstanding this settlement he brought this action for damages and recovered a verdict. Defendants appeal. The question of defendants' original liability was a doubtful question, but we believe that under the evidence it was for the jury to determine. The one question we need consider is whether plaintiff is bound by the settlement he made of his claim. He seeks to avoid the settlement on the ground of fraud. His claim is that the attorney for defendants in order to procure his assent to the settlement made the following representations: "He said he had talked to Dr. Marcum, and he said the doctor had told him that in the course of two or three months I would be strong, pretty near as ever, only I couldn't do as heavy work," and that the attorney also said: "Furthermore I have investigated into your case with the Crookston Lumber Company, and I see you have no case against the Crookston Lumber Company." Defendants' attorney denies making any such statements, but as this denial raises only a question of fact, we are bound on this appeal to assume that the statements were made.

1. The trial court properly disregarded the second alleged representation. This was plainly nothing more than an opinion expressed by one party to a negotiation upon a doubtful question of law. It is true, the statement was alleged to have been made by an attorney at law, but he was the attorney for the other party to the negotiation and there was no relation of dependence or confidence existing between them. There is nothing to indicate that the statement was made in bad faith. As a rule representations to be actionable must be of fact and not mere matter of opinion as to legal right.

Opinions expressed by one contracting party to the other upon doubtful questions of law are not actionable even though the person giving them be an attorney at law. Dundee Chemical Works v. Connor, 46 N. J. Eq. 576, 582, 20 Atl. 500; see also Ætna Ins. Co. v. Reed, 33 Oh. St. 283. A party may compromise a disputed claim asserted against him without admitting his liability thereon, and he is not to be charged with fraud because in the negotiation leading up to the compromise he denies that liability in fact exists.

2. We come then to the alleged representation as to what plaintiff's doctor had said. It is a little hard to conceive that plaintiff could have relied upon this statement if it was made to him. He knew that his leg was shortened and that it would never become longer. He had been in almost daily contact with his doctor at the hospital and had been treated by him the very day of the settlement. It seems a little strange that he should, under these circumstances, take the doctor's opinion second hand. It is in evidence, but denied by him, that he had discussed the question of settlement with Dr. Marcum before settlement was made. It is in evidence, and not denied, that within a few days after the settlement he discussed the settlement with Dr. Marcum and thought he ought to have had a little more.

But the fact that we consider conclusive against the plaintiff is the fact that after the truth or falsity of the alleged representation must have been apparent to him he spent the major part of the money that he had received on the settlement. We must bear in mind that the essence of the alleged representation was a statement that the doctor said plaintiff would be "strong, pretty near as ever, in the course of two or three months." This was August 26. After the expiration of more than two months, and on October 29, plaintiff deposited in the bank of Crookston $925 of this money. He then proceeded to check it out and use it little by little for a period of nearly five months, and after it was substantially all gone he then undertook to repudiate the compromise under which he had received it, and commenced this suit. This conduct on plaintiff's part after discovery of the facts constituted a conclusive ratification by him

of the settlement he had made.    Ordinarily a party cannot rescind a contract or release for fraud without returning the consideration he has received.    This rule has been relaxed in some cases in the interest of substantial justice.    Marple v. Minneapolis & St. Louis R. Co. 115 Minn. 262, 132 N. W. 333, Ann. Cas. 1912D, 1082; Rase v. Minneapolis, St. P. & S. S. M. Ry. Co. 118 Minn. 437, 137 N. W. 176; but it is quite well settled that where a party, after knowledge of the facts upon which his claim of rescission of his compromise is based, knowingly and voluntarily uses and enjoys the fruits of the compromise and puts it out of his power to restore what he has received, he affirms his contract and puts himself beyond the power of rescission.    The amount received was substantial.    Plaintiff could not, after knowledge of the facts, spend the money which he should return in order to disaffirm, and when all was spent avoid his contract and demand more.    Maki v. St. Luke's Hospital Assn. 122 Minn. 444, 142 N. W. 705.    The case is similar to that of Chicago, St. P. & K. C. Ry. Co. v. Pierce, 64 Fed. 293, 12 C. C. A. 110, except that in that case there was an issue as to whether the plaintiff spent the money that she had received, understandingly.    On appeal it was held that the court erred in refusing to instruct the jury that if she spent the money with knowledge of the settlement, that would ratify the settlement, and that such ratification once made would be final and binding.    Bunn, J., said, "If she once affirmed the contract by knowingly and voluntarily spending the money she had received, she could not afterwards elect to disaffirm it  *  *  *  the plaintiff could not play fast and loose with the contract of settlement, affirming it today and disaffirming it tomorrow."

Judgment should be given for the defendant.