## STANLEY VINESECK v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 16, 1917.

Nos. 20,084—(217).

**Release procured by fraud — question for jury.**

1. The record is *held* to present facts sufficient to require a trial of the action upon its merits, and to justify the submission to the jury, if sufficient evidence be produced, of the issue whether a release signed by plaintiff was procured by the fraud of defendant.

**Rule against splitting cause of action — estoppel against defendant.**

2. The rule against splitting a cause of action into several parts and bringing an action upon each is primarily for the benefit of defendant in the action, which he may waive, or preclude himself from invoking by his fraud.

**Judgment — not res judicata as to omitted item.**

3. Where an item of a single cause of action is omitted from the complaint in an action brought to recover thereon by reason of the fraud of defendant, or the clearly established mutual mistake of the parties, the judgment in such action is not *res judicata* as to the omitted item.

**Same — vacation of judgment.**

4. In such case a subsequent action may be brought upon the omitted item without first applying for a vacation of the former judgment. Such vacation of the judgment is unnecessary.

[1]Reported in 161 N. W. 494.

Action in the district court for Hennepin county to recover $75,000 for personal injury received while in the employ of defendant as car repairer. The answer to the amended complaint set up the two allegations mentioned in the first paragraph of the opinion. The case was tried before Dickinson, J., who at the close of the opening statement of counsel for plaintiff to the jury granted defendant's motion, based upon that statement, to dismiss the action on the ground stated at the end of the first paragraph of the opinion. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*John P. Nash, William M. Nash, John P. Devaney* and *Arthur M. Higgins,* for appellant.

*M. L. Countryman, Cobb, Wheelwright & Dille,* and *C. M. Bracelen,* for respondent.

BROWN, C. J.

This action was brought to recover for personal injuries alleged to have been caused by the negligence of defendant. Defendant interposed in defense, in addition to a general denial of the allegations of the complaint: (1) That plaintiff's right of recovery was barred by a judgment duly rendered by the United States Circuit Court for the district of North Dakota, in a former action between the same parties brought for the same alleged negligence; and (2) that long prior to the commencement of this action plaintiff fully settled with defendant for his injuries, and executed to defendant a formal written release and discharge of all claims on account thereof. Plaintiff replied that the settlement was procured by fraud and fraudulent representations of defendant's agents. At the trial counsel for plaintiff made the usual opening statement of the case to the jury which, in connection with certain concessions of counsel in reference to the defense of settlement and release, and the recovery of the former judgment, was made the basis of a motion by defendant to dismiss the action on the ground that the settlement and release, and the former judgment, were conclusive against plaintiff's right of recovery. The court granted the motion and plaintiff appealed from an order denying a new trial.

The facts as disclosed by the statement of counsel to the jury, and the

concessions made for the purposes of the motion to dismiss, are substantially as follows:

Plaintiff is a native of Poland, 28 years of age; he has resided in this country eight years or more, but speaks and understands the English language to a limited extent only. At the time of the injury of which he complains, he was in the employ of defendant as a car repairer in its yards at Williston, in the state of North Dakota. While engaged in the discharge of his dutes he received certain injuries as the result of the negligence of defendant, namely: (1) To his leg, which was so crushed as to necessitate the amputation thereof above the knee; and (2) a severe blow upon the head, rendering him for some time unconscious, and which affected his eyes, resulting finally in total blindness. Both injuries were caused at the same time and by the same act of negligence. Immediately following the accident plaintiff was taken to a hospital and placed in charge of the defendant's local physician, who amputated the injured leg and continued to treat plaintiff until he was discharged from the hospital, further treatment then being deemed unnecessary. The physician was active on behalf of defendant in efforts to effect a settlement with plaintiff for his injuries and joined with a claim agent of defendant in an offer of $750 therefor. The offer was made when plaintiff was at the hospital and still under treatment. During the time of the treatment, and when this offer of settlement was made, he called the attention of the physician to the injury to his eyes, and complained of having trouble with them. The physician stated to him that the trouble with the eyes was temporary, not serious, and that he would fully recover therefrom when the nervous shock had passed away. Plaintiff declined the offer of $750 and upon his discharge from the hospital, some months after the accident, he employed attorneys and they brought an action for him against defendant in the district court of North Dakota to recover for the injury to and loss of his leg, making no claim for the injury to his head or eyes. The action was in due course of procedure removed by defendant to the United States Circuit Court for the district of North Dakota. At the time of the commencement of the action plaintiff was still at Williston, and thereafter the physician who had treated him for his injuries and a claim agent of defendant renewed their efforts to effect a settlement with him. The negotiations were carried on through

an interpreter produced by the claim agent or physician. At this time plaintiff again complained of his eyes, and the physician again assured him that his eye trouble was only temporary, and that his recovery therefrom would be complete. Plaintiff accepted an offer then made of $1,250, in full for the injury to the limb; and, relying upon the statement of the physician that his eyes were only temporarily affected, made no claim in that respect. However, he signed a prepared release expressly discharging defendant of all claims on account of the injuries received, which necessarily included the injury, if any, to plaintiff's eyes. The money was paid over, part of which went to plaintiff's attorneys, and the latter entered into a stipulation for a dismissal of the action with prejudice, which as heretofore stated involved only the injury to plaintiff's limb. Judgment was formally entered in the Federal court, where the action was then pending, dismissing the action with prejudice, but without costs to either party. The accident occurred in March, 1913, and the settlement was effected and the judgment of dismissal entered in September of the same year.

Thereafter plaintiff removed to this state where he has since continued to reside. The trouble with his eyes continued, gradually increasing, and he finally became totally blind, a direct and proximate result of the injury to his head. The present action was commenced in the courts of this state in January, 1916.

In dismissing the action the trial court necessarily held, either: (1) That the claim of fraud and fraudulent representations interposed by plaintiff to impeach the release was affirmatively disproved by the facts presented in counsel's opening statement to the jury; or (2) whether such facts appeared or not, that the judgment of the Federal court in the former action is a conclusive bar to the present action. In other words, that on the facts stated plaintiff had but one cause of action, each item of which he was bound to bring forward in the former action, and, though the claim of injury to the eyes was not in fact included, it could have been included, and the bar of the judgment is effective notwithstanding the fact that the particular claim may have been omitted because of the wrongful conduct and fraud of defendant.

If the court was right as to either the order appealed from must be affirmed. We dispose of the two questions in the order stated.

1. We have no particular difficulty in holding that the statements of counsel were sufficient, if supported by competent evidence, to require the submission to the jury of the question whether the release was obtained by misrepresentations of the defendant's agent, the physician who stated that plaintiff's eye trouble was a temporary and not a serious matter, and whether plaintiff relied and had the right to rely thereon in making the settlement without including a claim for the injury to the eyes. If the representation was made to induce and bring about the settlement and was not true, there was fraud in law sufficient to overcome the release though the physician may not have intended thereby to deceive or mislead plaintiff. Jacobson v. Chicago, M. & St. P. Ry. Co. 132 Minn. 181, 156 N. W. 251, L.R.A.1916D, 144. We find in the statement of counsel no conceded state of facts which would preclude the right of plaintiff to recover, and the case was not therefore one for dismissal without evidence. Barrett v. Minneapolis, St. P. & S. S. M. Ry. Co. 106 Minn. 51, 117 N. W. 1047, 18 L.R.A.(N.S.) 416, 130 Am. St. 585; St. Paul Motor Vehicle Co. v. Johnston, 127 Minn. 443, 149 N. W. 667. Whether plaintiff retained the benefits of the settlement after discovery of the fraud (Valley v. Crookston Lumber Co. 128 Minn. 387, 151 N. W. 137), is a question to be disposed of by the evidence. No concession that he had so acted was made.

2. The more important question in the case is whether the judgment in the former action is *res judicata,* and a bar to the present suit. The decision of the question involves the elementary rule that a single cause of action cannot be split or divided and independent actions brought upon each separated part. The rule is well established by the courts and is strictly followed and applied. 2 Dunnell, Minn. Dig. § 5167; Almquist v. Wilcox, 115 Minn. 37, 131 N. W. 796; McKnight v. Minneapolis St. Ry. Co. 127 Minn. 207, 149 N. W. 131, L.R.A.1916D, 1164; King v. C. M. & St. P. Ry. Co. 80 Minn. 83, 82 N. W. 1113, 50 L.R.A. 161, 81 Am. St. 238. In actions in tort for personal injuries, like the case at bar, each item of injury must be included in one suit, and, if voluntarily omitted, no further action can be maintained thereon. In short, the judgment in such an action precludes the parties as to all issues and questions, all items of injury or damage, which were or could have been litigated therein. But the rule is one adopted by the court for the order-

ly administration of the law and to prevent a multiplicity of suits, and like other rules of either substantive law or procedure has its exceptions. It has been repeatedly held that the rule is designed primarily for the benefit of the defendant, to protect him from vexatious litigation, and that he may waive the same. 23 Cyc. 1175, note 88; 1 C. J. 1108; Welch v. Farmers L. & T. Co. 165 Fed. 561, 91 C. C. A. 399; Claflin v. Mather Ele. Co. 98 Fed. 699, 39 C. C. A. 241. It has been held by respectable authority that where plaintiff is ignorant of all the items of his cause of action when the suit is brought, the judgment rendered therein is not a bar to a subsequent action to recover upon the omitted items. Kane v. Morehouse, 46 Conn. 300; Edmonston v. Jones, 96 Mo. App. 82, 69 S. W. 741; Morgan v. St. Louis & S. F. R. Co. 111 Mo. App. 721, 86 S. W. 590. Or where such item is omitted through mistake (Stevens v. Damon, 29 Vt. 521; Post v. Smilie, 48 Vt. 185), or at the instance or suggestion of defendant. Mills v. Garrison, 3 Abb. Dec. 297; Carrington v. Crocker, 37 N. Y. 336. And particularly in cases where the omission was brought about and caused by the fraud of defendant. Johnson v. Provincial Ins. Co. 12 Mich. 216, 86 Am. Dec. 49. In 1 Van Fleet, Former Adjudication, page 206, the exception to the general rule is stated in this language:

"If a person, by excusable accident, mistake or neglect, or by the fraud of his adversary unmixed with his own fault, splits a single cause of action into two parts, an adjudication in respect to one will not bar a suit upon the other." And the statement is supported by the authorities generally. Gedney v. Gedney, 160 N. Y. 471, 55 N. E. 1; Cheatham Ele. Co. v. Transit Development Co. (D. C.) 203 Fed. 285; Wilson v. Colorado Mining Co. 227 Fed. 721, 142 C. C. A. 245; Jones v. Beaman, 117 N. C. 259, 23 S. E. 248; Cunningham v. Union Casualty Co. 82 Mo. App. 607; O'Dougherty v. Remington Paper Co. 81 N. Y. 496; Stern v. Riches 111 Wis. 591, 87 N. W. 555, 87 Am. St. 892, 1 R. C. L. p. 342. We need not stop to consider whether a mere mistake on the part of plaintiff, or his ignorance of the full scope of his claim or cause of action, would justify in all cases an application of the exception, for no claim of that kind is here made. An application of the exception is here invoked on the claim of fraud or mutual mistake. If the omission is caused by the fraud of defendant, or by a clearly established mutual mistake, it seems

136 M.—8

clear that the former judgment should not be held a bar to the omitted part of the claim. If the rule of *res judicata* is one primarily, for the benefit and protection of the defendant, and he may waive the same, he may, *a fortiori,* estop himself from insisting upon the rule when he has misled the plaintiff by actual fraud, or by misrepresentations amounting to fraud as a matter of law. We so hold. And in the case at bar if it shall appear from the evidence that plaintiff refrained from presenting in the former action the injury to his eyes by reason of the representation of the company's physician; that he suffered no injury in that respect; that the trouble experienced by him with his eyes was a temporary matter only, and the representation was made under such circumstances that plaintiff rightly might rely thereon, and he was not chargeable with any negligence in efforts to ascertain the true condition of this particular injury; then he may recover notwithstanding the former judgment. The showing made in this respect must be clear and satisfactory and be of a character equivalent to that necessary to impeach a settlement and release upon the same ground. If plaintiff had the means at hand to ascertain and learn the true condition of the injury to his eyes, and he negligently failed to avail himself thereof, he must fail in the action, for the neglect to present the claim in the former action must appear to have been due solely to the fraud of defendant. Macon & A. R. Co. v. Garrard, 54 Ga. 327. What has been said would apply also to a clearly established mutual mistake.

In this view of the law no application for a vacation of the former judgment is necessary. The judgment may stand as conclusive of the injury there complained of and adjudicated upon, namely, the injury to the leg, until vacated and set aside in some direct proceeding. But the injury here complained of was not in fact involved in that action, and, within the exception to the rule against splitting a cause of action, may be litigated without a vacation of that judgment.

Order reversed.