THOMAS J. LLOYD v. FARMERS CO-OPERATIVE STORE OF CLEVELAND, MINNESOTA.[1]

May 15, 1936.

No. 30,841.

[1]Reported in 267 N. W. 204.

See 194 Minn. 569, 261 N. W. 191.
*Albert R. Allen,* for appellant.
*George T. Olsen* and *Olsen & Hopp,* for respondent.

STONE, JUSTICE.

Defendant appeals from an order striking a counterclaim as sham and frivolous.

The action is to recover agreed compensation alleged to have been earned by plaintiff while in the employ of defendant from December 1, 1930, to May 18, 1932. The unpaid balance is alleged as $2,432.26. The answer admits the performance of plaintiff's services as manager of its retail hardware and implement business between September 19, 1929, and May 18, 1932. The counterclaim is that during the period of plaintiff's employment he "wrongfully converted to his own use cash, accounts receivable, notes receivable, and other personal property belonging to defendant and entrusted to plaintiff, amounting to the sum of $15,748.19," to defendant's damage in that sum, in which amount defendant demanded judgment.

The motion to strike was made and granted upon the ground that the issues tendered by the counterclaim were *res adjudicata.* The former action, upon the scope and result of which the ruling was based, was one wherein this defendant as plaintiff sued the

present plaintiff as defendant, together with his surety, the Hartford Accident and Indemnity Company. The result was a judgment for the defendants therein and against this defendant, plaintiff therein, which has been reviewed and affirmed here. Farmers Co-op. Store v. Lloyd, 194 Minn. 569, 261 N. W. 191, 193.

As to time, the issues in that case were confined to the period from January 1, 1931, to May 1, 1932. The coverage of the bond was so limited. Quoting from our former decision, the action was one [194 Minn. 573] "charging defendant Lloyd with having wrongfully appropriated to his own use money and property of plaintiff, for which misappropriation plaintiff seeks to hold defendants liable on the fidelity bond pleaded, defendant Lloyd as principal and the other defendant as his surety." In the present action, the counterclaim, again declaring in tort for conversion, covers the period of plaintiff's employment since September 19, 1929, which is that not outlawed by the statute of limitations. The period of employment preceding January 1, 1931, was not brought within the issues of the former action or litigated therein.

■ On the very threshold of any proper consideration of the case lies the fact that defendant had the election, if plaintiff were guilty of conversion, to sue for a breach of the contract of employment or to declare in tort for the conversion as it did in the suit on the bond. We assume, without deciding, that, even though successive conversions had been charged, and plaintiff had sued for breach of the contract of employment, there would have been but one cause of action. If that be so and if the former action had sounded in contract rather than in tort, the judgment therein might well be a bar to any attempt by defendant again to litigate any claim for breach of contract against plaintiff, absent any of the exceptions from the general rule in respect to *res adjudicata* noted in Vineseck v. G. N. Ry. Co. 136 Minn. 96, 161 N. W. 494, 2 A. L. R. 530.

Successive and distinct torts may ordinarily be sued upon separately by the injured party. He "is not required to combine them in one action, although in most cases he may do so at his election." 1 R. C. L. 344. But in such a case the two remedies for the same wrong or wrongs, one in tort and one in contract, are inconsistent,

and the effective election of one bars the other. Hence, if the injured party elects to sue in tort, the resulting judgment is binding for or against him as against a subsequent suit in contract for the same wrong or wrongs. Hoofnagle v. Alden, 170 Minn. 414, 213 N. W. 53.

■ Here the former action, as against the plaintiff Lloyd, was distinctly one in tort. As defendant therein he was charged with conversion and his surety sought to be held liable with him in consequence. Hence, for the period covered by the former action, the judgment therein now bars plaintiff from proceeding in this action, or any other, to recover for any conversion by defendant which took place during that period. 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 5167. There is nothing to suggest that any of the exceptions dealt with in Vineseck v. G. N. Ry. Co. 136 Minn. 96, 161 N. W. 494, are applicable for defendant's benefit. If the fact be otherwise, this decision is without prejudice to defendant's right to ask leave for appropriate amendment of its answer.

There having been no election by defendant to proceed against its employe for breach of contract, its former action as against plaintiff being exclusively one in tort, it is not barred by the judgment therein of the right to counterclaim in this action for its damages arising from conversions committed by plaintiff during the period of his employment antedating the time covered by the earlier action. That follows necessarily because, considered as torts, the acts of conversion, if any, committed by plaintiff were separate and distinct wrongs upon which defendant had the right to proceed by separate actions. Hence its election in the former action to sue only for such alleged conversions as occurred within the period of the surety's bond does not bar its right now to sue or counterclaim for the damages resulting from earlier conversions, if any. Because its claims sounded in tort and it had an independent cause of action for each tort, defendant, as plaintiff in the former action, was not splitting a single cause of action in limiting its complaint therein to the term of the bond sued upon.

Both the rule of *res adjudicata* and election of remedies are to be applied cautiously and in the interests of justice. For the reasons

stated, they cannot be so applied to this case as to foreclose defendant's right to counterclaim against plaintiff for any of his alleged torts of conversion committed before the period litigated in the other lawsuit. For that term, the whole controversy is at an end. The judgment therein put at rest not only the questions which were actually litigated but also all others within the scope of the issues presented.

But, insofar as it charged conversions before that period, the counterclaim was good. Hence it was error to strike it. Accordingly, the order appealed from is reversed.

I. M. OLSEN, JUSTICE, took no part in the consideration or decision of this case.

