PER CURIAM.
We have reconsidered this appeal upon petition for rehearing and have receded from our former judgment of affirmance. The question involved is whether or not a complaint should be' dismissed upon the basis that the action contained therein appears to be res judicata.
It affirmatively appears from a complaint filed by the United States Rubber Company that it had accounts against two corporations. One corporation was known as Lucky Nine, Inc. and the other as Lucky Five, Inc. Each account was guaranteed by Robert D. Grossman, one of the appel-lees here. The rubber company sued Lucky Nine, Inc. as principal and Grossman as guarantor on one of the accounts and received judgment in the amount of $4,756.20 in the Civil Court of Record in and for Dade County, Florida. This judgment was based upon an admission in the record by Grossman as president of Lucky Nine, Inc. that the amount due was $4,756.20.
*875 Subsequently, plaintiff sued upon the account rendered to Lucky Five, Inc. That suit was in the United States District Court for the Southern District of Florida. During the course of the trial Grossman testified that a large portion of the account charged against Lucky Five, Inc. should have been charged against Lucky Nine, Inc. Upon the basis of this testimony, a judgment was rendered by the Federal Court for only the amount admitted by Grossman as president of Lucky Five, Inc. to be due. This amount was $4,000.
The complaint now before us sets out the above transactions and claims the balance of $34,584.36 against Lucky Nine, Inc. and Grossman. The defendants filed a motion to dismiss upon the ground that the complaint failed to state a cause of action. The trial judge dismissed the complaint with prejudice and this appeal followed.
In the present instance, if the allegations in the complaint are true, the application of the doctrine of res judicata would allow a party by agreeing to an account stated and to judgment thereon to later change his position and escape liability by testifying that a bookkeeping error had been made by the creditor. Under such circumstances the application of the doctrine would protect the one guilty of fraud, deceit or misrepresentation. There is authority that the doctrine should not be applied in such cases. Cf. Ferrall v. Bradford, 2 Fla. 508, 50 Am.Dec. 293; cf. Vineseck v. Great Northern Ry. Co., 136 Minn. 96, 161 N.W. 494, 2 A.L.R. 530 (1917); cf. 30A Am.Jur. Judgments, § 369, n. 9 (1958) and cases cited therein; cf. Restatement, Judgments § 62, p. 256 (1942).
The Florida Rules of Civil Procedure specifically provide that res judicata shall be affirmatively pleaded. We believe that the orderly processes of the law will best be preserved by declining to make exceptions to these rules. Hough v. Menses, Fla.1957, 95 So.2d 410; Sacks v. Rickies, Fla.App.1963, 155 So.2d 400.
We therefore hold that the trial judge erroneously dismissed this complaint at the pleading stage and that the judgment must be reversed and the cause remanded for further proceedings. If the defense of res judicata is pleaded, the court must determine on the basis of all the facts presented whether the defense is applicable under the rule above stated.
Reversed and remanded.